J. G. BELLAMY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—POSSESSION OF STOLEN GOODS—WHAT EXPLANATION THEREOF WILL ACQUIT.

1. An instruction that requires the explanation given by a party found in possession of goods recently stolen, as to how he acquired such possession, to be *satisfactory*, as well as reasonable, before such explanation shall shift the burden on the State of proving the falsity thereof, is erroneous. The correct rule is, that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquital.

2. The possession of goods recently stolen does not raise a presumption, as *matter of law*, of the guilt of the possessor, but the presumption arising therefrom is purely a matter of *fact* to be passed upon by the jury, and of which they are the sole judges; but it is, nevertheless, true that the presumption of guilt, as a question of inference of fact, is permitted by the law to be drawn by the jury from the unexplained possession of recently stolen goods.

Writ of Error to the Circuit Court for Jackson county.

The facts of the case are stated in the opinion of the court.

*W. P. Hines*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

(Judge Malone, of the Second Circuit Court, sat in the place of Mr. Justice Liddon, disqualified).

TAYLOR, J.:

The plaintiff in error was tried and convicted at the Fall term, 1894, of the Circuit Court of Jackson county, upon an indictment presented at the Spring term, 1893, of said court, of the crime of larceny of a hog, the property of one Edenfield, and was sentenced to imprisonment in the penitentiary for one year; from this judgment he seeks relief by writ of error.

The first and second assignments of error are the giving of the following instructions: "If goods have been taken without the consent of the owner, and shortly afterwards are found in the possession of another, it is *prima facie* evidence that he is the taker, and it devolves upon him to explain the possession of the property, and if the explanation given by him is a reasonable and a satisfactory one, it then devolves upon the prosecution to rebut it by direct evidence, or by evidence arising out of the facts given on the trial." "If the defendant came into the possession of the property with an honest intent, he can not be found guilty of larceny. If his explanation of the possession is not reasonable or satisfactory, he is not relieved from whatever presumption of guilt that arises from the possession."

The giving of these charges was error. In them the jury are instructed that the explanation of a person found in possession of goods recently stolen as to how he acquired such possession must be *satisfactory* in order to relieve himself of the evidentiary presumption of guilt arising out of such possession. This is not the law. The explanation given by the possessor of stolen goods may fall far short of *satisfying* the jury, and yet it may be sufficient to raise a *reasonable doubt* in their minds, and if it does raise such doubt,

then it is sufficient to acquit him of the charge of larceny, unless the prosecution overcomes it by proof that the explanation is false. Blaker vs. State, 130 Ind. 203. In the case of John Leslie, *alias* Charles Harrison, *alias* Charles Pearce vs. The State, recently decided at the present term, we have held that: "the true rule is that, where a party who is found in possession of goods recently stolen *directly* gives a *reasonable* and *credible* account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue; otherwise he should be acquitted. The account given must be, not only *reasonable*, but it must be credible, or enough so to raise a reasonable doubt in the minds of the jury, who are the judges of its *reasonableness* and *probability* as well as of its *credibility*."

The third assignment of error is the refusal of the court to give the following instruction requested by the defendant: "If you believe from the evidence that the defendant had in his possession the animal alleged to have been stolen in the indictment, and that said property was the property of Snead Edenfield, and if you further find that the first time that the defendant's right to the animal was called in question, he gave an explanation of such possession, and that such explanation was reasonable, then you are instructed that it devolves upon the State to prove such explanation false, and a failure to do so will entitle the defendant to an acquittal." There was no error in refusing this instruction. The true rule as to the shifting of the *onus* of proof in such cases is already stated. It is not enough that the explanation of the possessor of goods recently stolen as to how he acquired such possession shall be *reasonable*, in order to

shift the burden in the prosecution of proving the falsity thereof; but, before it can require of the State any proof of its falsity, it must be both *reasonable* and *credible* or sufficiently so to give rise to a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility. In such a case the explanation may be never so *reasonable* and plausible, and yet the jury may not give credence to a word of it. In such a case they would be justified in a conviction, even though the State may not have attempted any proof of its falsity.

The fourth assignment of error was the refusal of the defendant's request to give the following instruction: "The possession of stolen property, shortly after the time of the theft, does not raise a legal presumption of guilt, and shift the burden of proof upon the accused, but it is merely a fact from which guilt may be inferred." Framed as this instruction is, we do not think the court erred in refusing it. It is well settled that the possession of goods recently stolen does not raise a presumption, as *matter of law*, of the guilt of the possessor, but that the presumption arising from such possession is purely a matter of *fact* to be passed upon by the jury, and of which they are the sole judges under our system of laws; but it is, nevertheless, true that the *presumption* of guilt as a question of *fact*, is *permitted by the law* to be drawn by the jury from the unexplained possession of the recently stolen goods. We think the instruction requested was so worded as to mislead, or at least confuse the jury. Young vs. State, 24 Fla. 147, 3 South. Rep. 881, and citations.

For the errors found in the instructions given, the judgment below is reversed and a new trial awarded.