ANDREW J. WILLIAMS, PLAINTIFF IN ERROR, VS. THE
  STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Larceny—Possession of Stolen Goods, When
    Evidence of.

1. The following instruction in a trial for larceny of cattle:
    "That when a man is found in possession of stolen cattle,
    with the mark or brand changed into his, or with his mark or
    brand on the cattle, in the absence of a reasonable and cred-
    ible explanation of those facts you may infer that he stole
    them:" *Held*, to be erroneous, first, because of its omission
    of the legal requirement that the possession must be of goods
    *recently* stolen in order that an inference of guilt from such
    possession may be drawn; second, and because it requires a
    reasonable and credible explanation from the suspected pos-
    sessor, not only of his *possession* thereof, but of *an alteration
    of the distinguishing marks and brands* on the property, before
    such explanation is permitted to clear him of the charge of
    larceny thereof. The settled rule is that the possession of
    stolen goods must be *recent* after their loss in order to im-
    pute guilt. The presumption of guilt in *larceny* that the law
    permits a jury to draw as a matter of fact from the unex-
    plained *possession* of property recently stolen, grows out of
    and rests solely upon the *unexplained possession* thereof, and
    not upon any *alterations* or *mutilations* to which the property
    may have been subjected while in the defendant's possession,
    or before it reached his possession, and to acquit the accused
    of the charge of larceny when there is no other evidence of

guilt than that of the *possession* of recently stolen goods, the law only requires from him a prompt, reasonable and credible explanation of his *possession* thereof.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Wilson & Wilson* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error was convicted at the spring term, 1898, of the Circuit Court of DeSoto county, of the crime of larceny of cattle, and from the sentence imposed seeks relief here by writ of error.

At the trial the judge, among other things, instructed the jury as follows: "That when a man is found in possession of stolen cattle, with the mark or brand changed into his, or with his mark or brand on the cattle, in the absence of a reasonable and credible explanation of those facts, you may infer that he stole them." This charge was duly excepted to and is assigned as error. The giving of this instruction was error. It erroneously states the law as to the presumption of guilt, in cases of larceny, that may be drawn from the unexplained possession of goods recently stolen, in that it omits that feature of the rule that requires the possession to have been "*recent*" after the theft, before it can be relied upon as a basis for the presumption of guilt. In the exhaustively considered case of State v. Hodge, 50 N. H. 510, in which it is clearly demonstrated that

the presumption of guilt from the exclusive possession of property recently stolen, is not a *legal* presumption, but one of *fact* that the law permits the jury to draw, it is said: "All the cases hold that the possession must be recent, after the loss, in order to impute guilt; and this presumption is founded on the manifest reason that when goods have been taken from one person and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter. This probability is stronger or weaker in proportion to the period intervening between the taking and the finding; or it may be entirely removed by the lapse of such time as to render it not improbable that the goods may have been taken by another and passed to the accused, and thus wholly destroy the presumption." The same case also discusses at length the further feature of the rule, that the strength or weakness of the presumption of guilt after the lapse of time between the theft and the finding, depends largely upon the character of the stolen property. Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560. The charge is erroneous, too, in that it adds to the duty of the defendant, when found with stolen cattle in his possession, of reasonably and credibly explaining *such possession*, the further duty of reasonably and credibly explaining an *alteration of the marks and brands thereon* into the defendant's, or the *presence on them of the defendant's marks and brands*, before his explanation of his *possession* can acquit him of their *larceny*. The presumption of guilt in larceny that the law permits a jury to draw as a matter of fact from the unexplained *possession* of property recently stolen, grows out of and rests solely upon the *unexplained possession* thereof, and not upon any alterations or mutations to which the property may have been subjected while in the defendant's possession, or before it reached his possession. It is

true that evidence of alterations therein made by the defendant that tended to prevent identification would be pertinent and material in its bearing upon the *bona fides* of the *explanation* that he might make as to how he came into the possession, but to acquit him of the charge of larceny, when there is no other evidence of guilt than that of the *possession* of recently stolen goods, the law only requires from him a prompt, reasonable and credible explanation of his *possession* thereof. If such an explanation is given, and shows that he came into the possession honestly, it completely annihilates the presumption of guilt, regardless of any mutations to which he may have subjected the property while in his innocently acquired possession. If the defendant had been indicated and tried for another distinct crime inhibited by statute, that of fraudulently altering the marks and brands of animals (§2474 Revised Statutes), and had been found with cattle in his possession whose marks and brands had been recently altered or changed into his, then, in the absence of prompt, reasonable and credible explanation of such alteration or change of marks and brands, the presumption, as one of fact, could be drawn that he was guilty of a fraudulent alteration thereof. Atzroth v. State, 10 Fla. 207. But where the charge is *larceny*, as here, it is error to impose upon the defendant the duty of doing more than to reasonably and credibly explain his *possession* of property alleged to have been stolen, in order to remove the presumption of guilt that may arise from such possession.

There are other assignments of error, but we do not deem it necessary to consider them, except to say that the court is unanimously of the opinion that the evidence in the cause as disclosed in the record brought here, is not sufficient to sustain the charge of larceny.

The judgment of the court below is reversed.