# DECISIONS

## OF THE

# Supreme Court of Florida

### JUNE TERM, 1909.

EVERETT BASS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  Where an assignment is based upon the overruling of the motion for a new trial, an appellate court will consider only such grounds thereof as are argued, and, where no argument is made in support of any of the grounds, such assignment presents nothing for consideration and will be treated as abandoned.

2.  In a prosecution for larceny, no error was committed in refusing to instruct the jury, at the request of the defendant, "that the taking of property openly and notoriously, without any attempt at concealment or denial, raises a strong presumption against a felonious intent, which you must find from the evidence beyond a reasonable doubt, to have existed at the time or before the taking possession of the cattle, before you will be authorized to find him guilty of larceny." In so far as such requested instruction states the legal principle correctly, it is not a rule of law to be given in charge to a jury in prosecutions for larceny, but a presumption of fact, which the jury may apply in proper cases, and which may guide the court, in cases where it is applicable in determining the sufficiency of evidence to support a verdict of guilty.

3.  Any requested instruction is properly refused which is confusing, involved and argumentative, or which would have a tendency to mislead or confuse the jury.

4.  There is a clear distinction between the expressions, "unexplained recent possession of stolen property" and "unexplained possession of recently stolen property," and the same cannot be used interchangeably. A requested instruction is properly refused which loses sight of such distinction.

5.  Requested instructions, though announcing correct principles of law applicable to the case, are properly refused where such principles are fully covered in other instructions given at the trial, even though couched in different language.

6.  The modification or qualification of a requested instruction which correctly states the law applicable to the case is error, when the force of such requested instruction is essentially changed or weakened thereby, but, where the requested instruction should have been refused, the defendant is in no position to complain of a modification thereof, when even with such modification such instruction is too favorable to the defendant.

7.  Where two distinct propositions of law in a charge are excepted to as a whole, the exception must fail, if either one of such propositions is correct.

8.  Where an assignment is based upon the overruling of objections to a question propounded by the State to the defendant on cross-examination, as to whether or not he wrote a certain letter, and such letter is not copied into the bill of exceptions and it does not appear that the same was ever introduced in evidence, such assignment must fail because it is not made to appear that the defendant was harmed in any way by such ruling.

This case was decided by Division A.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Wilson & Boswell,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—Everett Bass was convicted in the Circuit Court for Polk County of the crime of larceny of cattle and sentenced to imprisonment at hard labor in the State prison for the term of five years, from which he seeks relief here by writ of error.

The first assignment is based upon the overruling of the motion for a new trial. This motion consists of eight grounds, but none of them are argued before us, except as they are taken up under other errors assigned, hence, under the established practice of this court, this assignment must be treated as abandoned. See Johnson v. State, 55 Fla. 41, 46 South. Rep. 174, and Putnal v. State, 56 Fla. 86, 47 South. Rep. 864, and authorities cited therein.

The first assignment which is argued before us is the second, which is based upon the refusal of the court to give the following instruction, at the request of the defendant: "The court instructs the jury that the taking of property openly and notoriously, without any attempt at concealment or denial, raises a strong presumption against a felonious intent, which you must find from the evidence beyond a reasonable doubt, to have existed at the time or before the taking possession of the cattle, before you will be authorized to find him guilty of larceny." In support of this assignment, the defendant cites Dean v. State, 41 Fla. 291, 26 South. Rep. 638, S. C. 79 Amer. St. Rep. 186, and Black v. State, 83 Ala. 81, 3 South. Rep. 814. Evidently the requested instruction was based on the second headnote in the case of Dean v. State, *supra.* As framed, such requested instruction is defective in several respects, but it is sufficient to say that the principle enunciated in the case of Dean v. State, *supra,* was fully discussed in Long v. State, 44 Fla. 134, 32 South. Rep. 870, wherein the Alabama decisions were referred to and the conclusion reached and stated that such principle was

taken from McMullen v. State, 53 Ala. 531, and was used argumentatively by this court in discussing the facts before it, it not being intended as "a rule of law to be given in charge to a jury in prosecution for larceny, but a presumption of the fact which the jury may apply in proper cases and which may guide the court in cases where it is applicable in determining the sufficiency of evidence to support a verdict of guilty." Also see Bird v. State, 48 Fla. 3, 37 South. Rep. 525. This assignment has not been sustained.

The third assignment is based upon the refusal of the following requested instruction: "The jury is further instructed that the rule that a thief commits a new and distinct larceny when he carries the stolen property into or through other counties than that of the original taking, is but a fiction to settle the question of venue in cases of larceny and where stolen property is thus taken from one county to another, a conviction in either county for the larceny may be had, if the elements necessary to constitute larceny shall be proven and the jury satisfied beyond a reasonable doubt; but before you can convict a person for larceny in a county into or through which property has been taken, you must be satisfied from the evidence beyond a reasonable doubt that all the elements necessary to constitute larceny did exist at the time and place of the original taking; that is, in the county where the larceny was first committed." The reason given by the trial judge for his refusal to give this instruction was "because of its tendency to confuse the jury," and we think this constituted a sufficient reason, as the requested instruction was confusing, involved and argumentative. See McCoggle v. State, 41 Fla. 525, 26 South. Rep 734. The requested instruction was doubtless based upon Harrington v. State, 31 Tex. Crim. Rep. 577, 21 S. W. Rep. 356, which the plaintiff in error cites in support of this assign-

ment. Such cited case contains an interesting and instructive discussion of the question of venue in the case of the larceny of animals carried from one county into another, but it furnishes no support for the contention here made. The reasoning used by this court in Long v. State, 44 Fla. 134, 32 South. Rep. 870, to which we referred in disposing of the second assignment, applies with equal force to this assignment.

The refusal of the court to give the following instruction requested by the defendant forms the basis for the fourth assignment: "The court further instructs the jury that unexplained recent possession of stolen property will justify a conviction; and when one is found in possession of stolen property, but gives an explanation which seems reasonable to the jury, the possession ceases to have any evidentiary value, and raises, either alone or in connection with other circumstances, no presumption of guilt; if the crime is proved, it must be done by other evidence altogether. The defendant is not bound to prove the truth of his explanation; the presumption arising from recent possession is removed, if the explanation leaves the matter in doubt. In other words, when such a reasonable explanation is given, the prosecution must establish the falsity of it beyond a reasonable doubt."

No error is made to appear here. This instruction is infected with vices of a similar nature to those which characterized the requested and refused instruction which formed the basis for the third assignment. Moreover, it does not correctly state the principle of law sought to be invoked. Among other defects which might be pointed out, there is a clear distinction between the expressions, "unexplained recent possession of stolen property" and "unexplained possession of recently stolen property." See Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560; Wil-

liams v. State, 40 Fla. 480, 25 South. Rep. 143, S. C. 74
Amer. St. Rep. 154; Long v. State, 42 Fla. 509, 28 South.
Rep. 775; McDonald v. State, 56 Fla. 74, 47 South. Rep.
485. In these cases will be found a full discussion of the
legal principles governing the framing of proper instruc-
tions upon the points involved in the requested and prop-
erly refused instruction.

The fifth assignment rests upon the refusal of the fol-
lowing requested instruction: "You are further instructed
that to constitute larceny, it is necessary not only that the
defendant should have taken the property willfully and
without mistake or claim of right and with intent to per-
manently retain it and to deprive the owner thereof, but
the wilfullness and felonious intent must have existed at
the time of the taking. If the defendant was in the em-
ploy of Louis Parker, and while in such employ, acting
under the instructions of said Louis Parker, and without
knowledge that the cattle were being stolen, in conjunc-
tion with the said Louis Parker, took possession of
cattle which did not belong to him, the said defendant,
and to which he had no right, and the defendant then be-
lieving that the said Louis Parker owned or had a right
to said cattle, and that there was no intent on the part of
the defendant then to steal said cattle, you should acquit
him, although he subsequently discovered or had reason
to believe that said cattle were stolen, and he then formed
and executed a design to convert said cattle to his own
permanent use."

We find that the trial judge in the charge given by him
of his own motion had already fully and correctly in-
structed the jury upon all the points of law involved in
the requested instruction, therefore no error was com-
mitted in refusing it. We might add that the charge so
given was clearer and couched in better phraseology than

this refused instruction.   See Green v. State, 43 Fla. 556, 30 South Rep. 656.

The defendant requested the giving of the following instruction: "You are further instructed that if you find from the evidence that the defendant assisted one Louis Parker in taking possession of cattle which he did not own, or have the right to possess; that the said defendant was then acting under the employ of the said Louis Parker and under his directions and without being informed by. the said Louis Parker, or anyone else, that the cattle were being stolen by the said Louis Parker, and the defendant not knowing that the cattle were being stolen, undertook to assist the said Louis Parker to drive them to Tampa, or any other place, you cannot find the defendant guilty of larceny, because of the lack of criminal intent on his part before or at the time of the taking of said cattle, although you further find that the defendant, after the taking of said cattle, discovered or had reason to believe that the said Louis Parker had stolen the cattle, and after making such discovery, represented that he was someone else, or resorted to other means to destroy his identity or his connection with said cattle."   The court refused to give the instruction as framed, but did give it after adding thereto the following sentence: "But you may consider such facts, if proven, in making up your minds, as to the guilty knowledge of the defendant of the cattle having been stolen."   Upon this action of the court is based the sixth assignment.   If the requested instruction as framed was proper and correctly stated the law applicable to the case and the addition made thereto by the court essentially changed the character thereof, then undoubtedly the court committed error.   See Young v. State, 24 Fla. 147, 3 South. Rep. 881, and Wilson v. State, .30 Fla. 234, 11 South. Rep. 556, S. C. 17 L. R. A. 654.   But .it seems to us that the requested instruction was clearly

erroneous and even with the modification was too favorable to the defendant.

The seventh assignment is based upon the following portion of the general charge: "Under the laws of the State, when stolen property is taken into two or more different counties, the thief may be prosecuted in any county into which the property was carried. Therefore, although the evidence may show that the cattle were taken in Osceola County, yet, if you find that they were driven into Polk County, the offense can be prosecuted in this county.

It is also true that in order to constitute larceny, the original taking must have been unlawful and with felonious intent. Yet, if you find from the evidence that the defendant, Bass, together with Parker, took the cattle of W. H. Savage in Osceola County and drove them into Polk County, and that Bass made false statements about the cattle, gave a false name, sold the cattle to Ben Glover as his own property, accepting in payment a check made payable to himself under the name of Jones, while his name is Bass, had Mr. Bates cash the check and accepted Bates's due bill payable to Jones, you may infer from that conduct on his part, that he knew at the time the cattle were taken, that they were being stolen, and that his employment by Parker was a subterfuge, and if you are so satisfied beyond a reasonable doubt, it is your duty to convict the defendant."

It is settled law in this court that where two distinct propositions of a charge are excepted to as a whole, and one is correct, an assignment based upon such charge containing two distinct propositions must fail. See Wood v. State, 31 Fla. 221, 12 South. Rep. 539, and authorities there cited. It is clearly apparent that the portion of the charge so excepted to does contain two distinct propositions of law. It is separated into two paragraphs, the

first of which relates solely to the question of venue, and as we have seen from our discussion of preceding assignments, states the law correctly. Even if we were to assume that the second paragraph is erroneous, as to which we do not feel called upon to express any opinion, it would not avail the defendant.

The eighth and last assignment is'based upon the overruling of objections to a question propounded by the State to the defendant, on cross-examination, as to whether or not he wrote a certain letter. As the letter in question is not copied in the bill of exceptions, we do not know what its contents may have been. We are not advised that it was even introduced in evidence. This being true, we fail to see wherein the defendant was harmed in any way by such ruling.

Finding no reversible error, the judgment must be affirmed.

WHITFIELD, C. J. and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.