J. L. REVELS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 16, 1914.

An instruction that requires the explanation given by a party found in possession of goods recently stolen, as to how he acquired such possession, to be *satisfactory*, as well as reasonable, before such explanation shall shift the burden on the State of proving the falsity thereof, is erroneous. The correct rule is, that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquittal.

Writ of error to Circuit Court for Lake County; W. S. Bullock, Judge.

Judgment reversed.

*J. B. C. Koonce,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKEFORD, C. J.—J. L. Revels was convicted of the crime of breaking and entering a certain building with intent to commit larceny, and seeks relief here by writ of error.

The first assignment urged before us is based upon the following portion of the charge given by the court:

"The law further is, that property that is in a building that has been broken into and taken out and recently found in the possession of some party after the breaking, and that party at the time did not make some reasonable and satisfactory account of how he came by the property, would warrant a jury in finding a verdict that he was the party that broke and entered the building. The law on the question of stolen property is that if stolen property is found in the possession of a party recently after the commission of a theft, and at the time that he is found with it he does not make some reasonable and satisfactory account of how he came by it, the jury would be warranted in finding him guilty of the theft of it, and if a party is found in the possession of property that was stolen from a building that had been broken and entered and he did not make a reasonable and satisfactory account of how he came by the property at the time that he was so found in possession of it, his failure to make such reasonable and satisfactory account would warrant the jury in finding him guilty. If the explanation that he makes is reasonable and satisfactory, why then the jury should not find

him guilty, and it is a question of fact as to whether or not he was first found in possession of the property; and, second whether or not he made a reasonable and satisfactory account. To determine this question you must do it from all the evidence."

We are of the opinion that this error is well assigned. In Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560, we held as follows: "An instruction that requires the explanation given by a party found in possession of goods recently stolen, as to how he acquired such possession, to be *satisfactory*, as well as reasonable, before such explanation shall shift the burden on the State of proving the falsity thereof, is erroneous. The correct rule is, that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquittal." See also Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Williams v. State, 40 Fla. 480, 25 South. Rep. 143, 74 Am. St. Rep. 154; Collier v. State, 55 Fla. 7, 45 South. Rep. 752; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Bass v. State, 58 Fla. 1, 50 South. Rep. 531.

Another assignment is based upon the following portion of the charge given by the court:

"If you find from all the evidence in this case, first that this house was broken into and the property stolen, and very recently thereafter this defendant was found in the possession of the property so stolen from the building, and he did not at the time make some reasonable and satisfactory account of how he came by it, his failure to do so

would warrant the jury in finding him guilty of breaking and entering. If you find that he was in possession of this property recently after the house had been broken, and the property stolen therefrom, and if he has made a reasonable account of how he came by it, why, you should find him not guilty. You must determine that fact from all the evidence."

We think that this error is also well assigned for the reasons pointed out in the cited cases.

It follows that the judgment must be reversed and a new trial awarded.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.