MALCOLM MILLER AND GEODFREY BARON, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 5, 1918.

1. For the purpose of determining whether a charge on a given subject is infected with error, the whole of the charge on the subject, and not portions of it only, should be considered.

2. When a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to commit a felony, such possession unexplained may be sufficient to warrant a conviction of the crime of entering the building with intent to commit a felony.

3  It is not error for the Court to refuse to give requested charges which are substantially covered by charges that are given.

4. Charges to the Jury must be based upon facts in proof and must be applicable to such facts.

5. Where an answer to a question presents evidence which is illegal or objectionable on any known ground, the proper practice is a motion to strike it out and have the Jury directed not to consider it, the movant stating the grounds

of his objections to the evidence with the same particularity required in objecting to a question.

6. If a defendant wishes to avail himself of the omission of the Court to charge the Jury upon any point in the case he should prepare the required instruction and ask that it be given.

7. Evidence examined and found sufficient to support the verdict.

TAYLOR, J., dissents.

Writ of Error to Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Judgment affirmed.

D. *Stuart Gillis*, for Plaintiffs in Error;

*Van C. Swearingen*, Attorney General, and *Worth W. Trammell*, Assistant, for the State.

WEST, J.—The defendants were convicted in the Circuit Court of Okaloosa County and sentenced to a term of years at hard labor in the State prison. The charge was breaking and entering a building with intent to commit a felony. From this judgment writ of error was taken from this court.

The first assignment of error is based upon the refusal of the trial court to give a certain special charge requested in behalf of the defendants. In the briefs the fifth assignment is considered with the first. The fifth questions the soundness of the proposition announced in the fol-

lowing paragraph embraced in the general charge of the court:

"Where one is found in the exclusive possession of goods stolen from a building at the time of a recent breaking and entering of a building the jury may infer from these facts that such persons not only stole the goods, but that they broke and entered the building with intent to steal the goods, unless such person gives directly, a reasonable and credible account as to how such goods came into his possession, or such an account as raises a reasonable doubt in the minds of the jury of such person's guilt, when it becomes the duty of the State to prove such an account is not true. Such account must not only be reasonable, but it must be credible, that is, worthy of belief, or enough so to raise a reasonable doubt in the minds of the jury who are the judges of its reasonableness and probability, as well as its credibility."

The principal criticism of this charge is that it confuses the singular and plural numbers, and in effect directs the jury to find both defendants guilty if they find that one of them was shown to have been in possession of the stolen goods, regardless of the reasonableness and credibility of the explanation of the other, or whether he made or offered any explanation at all. The charge is open to the criticism that it confuses the singular and plural numbers, due apparently to the fact that the judge was endeavoring to apply an abstract principle of law to a concrete case, but we cannot agree to the conclusion reached in the criticism made. Besides, in another part of the charge, the jury were instructed that under the law they might find one defendant guilty and one not guilty, or both guilty or both not guilty, thereby correcting the error, if any, by expressly negativing the construction contended for if the charge is susceptible of

such construction. It is well settled that, for the purpose of determining whether a charge upon a given subject is infected with error, the whole of the charge on the subject, and not portions of it only, should be considered. Barton v. State, 72 Fla. 408, 73 South. Rep. 230; Disney v. State, 72 Fla. 492, 73 South. Rep. 598. That the charge given states a correct proposition of law. See Revels v. State, 68 Fla. 74, 66 South. Rep. 422; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Collier v. State, 55 Fla. 7, 45 South. Rep. 752.

The charge refused and the charge given are on the same subject, and the charge given covers the precise point covered by the charge requested. It is not error for the court to refuse to give requested instructions which are substantially covered by charges that are given. Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701; Fine v. State, 70 Fla. 412, 70 South. Rep. 379; Goff v. State, 75 Fla. 87, 78 South. Rep. 877. There was, therefore, no error in refusing to give the requested charge.

Error is also predicated upon the refusal of the trial judge to give the following charge:

"The felonious intent is the gist of this sort of offense, and if you find that the defendants did break and enter the store described in the indictment, with the intent alleged, but that they did so while not in possession of their faculties to such an extent that they did not know what they were doing, either from intoxication which was involuntary or from being persuaded to do by another who had and exercised over them undue influence, they would not have that felonious intent and you should find them not guilty."

The first statement in this charge, namely, "the felonious intent is the gist of this sort of offense" is sound

(McNair v. State, 61 Fla. 35, 55 South. Rep. 401), but the remainder of the charge is not applicable to the facts in this case. It is true that it appears from the evidence that the defendants had drunk some "rum" at the time of the commission of the alleged offense, but there is no testimony tending to show either that they were not in the full possession of their mental faculties at such time, or that they were persuaded to commit the offense by one who exercised undue influence over them. Both of the defendants testified as witnesses in the case and there is nothing in the testimony of either of them that may properly be regarded as a proper basis for such a charge. It is well settled that instructions to the jury must be based upon facts in proof and must be applicable to such facts. 14 R. C. L. 786; 12 Cyc. 651; Davis v. State, 66 Fla. 349, 63 South. Rep. 847; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South Rep. 535; Ward v. State, 75 Fla. 756, 79 South. Rep. 699.

By assignment number three it is contended that the court erred in instructing the jury that the way in which the defendants were apprehended had nothing whatever to do with the case, provided they were satisfied by the evidence of their guilt. It appears from the evidence that the building, with the breaking and entry of which the defendants were charged, had been broken and entered several times prior to the breaking and entry for which they were indicted; that the Sheriff of the county had directed a deputy sheriff to investigate the case; that after doing so, and upon instructions from the Sheriff he agreed with the defendants who knew he was a deputy sheriff to go into the building with them; that the defendants with the deputy sheriff thereupon broke and entered the building, took certain goods from it and the defendants were shortly thereafter, after separating from the deputy sher-

iff while the goods taken were in their possession, arrested by the Sheriff and another deputy sheriff. It may be true, in view of the fact that the defendants are immature young men, that the means employed to ascertain who it was that had broken and entered the building and apprehend the offenders are not to be commended, but to instruct the jury in effect that if they are satisfied by the evidence adduced of the guilt of the defendants, that the method employed by the officers of the law in apprehending them has nothing to do with the case is not reversible error.

Assignments numbers six, seven and eight are considered together in the briefs.

Assignment six challenges the soundness of the following paragraph of the general charge:

"I should have instructed you that in order that the defendants be found guilty as charged in the indictment you must be satisfied by the evidence beyond a reasonable doubt that they broke and entered the building with an intent to commit a felony that is, to steal, take and carry away goods of the value of more than twenty (20.00) dollars, and should you find from the evidence beyond a reasonable doubt that they did break and enter the building with intent to steal, take and carry away goods of a less value than twenty ($20.00) dollars, then it would be your duty to find them guilty of breaking and entering with intent to commit a misdemeanor. So, also, under the law you may find one defendant guilty and one not guilty or you may find both guilty or both not guilty."

The contention made is that this charge assumes as a fact the breaking and entering by the defendants and leaves for the jury's determination only the question of the defendants' guilt. This contention is not tenable. It seems to us to be perfectly clear, as a reading of the

charge will show, that the jury were instructed that in order to convict the defendants they must be satisfied by the evidence beyond a reasonable doubt that they, the defendants, broke and entered the building that they were charged with having broken and entered.

The seventh and eighth assignments question the propriety of rulings of the court overruling objections of defendants to certain questions propounded by the State Attorney to the witness, Sutton, Sheriff of the county, with respect to instructions which he, the Sheriff, had given to the deputy sheriff who investigated the case and affected the capture of the defendants.. The instructions testified about by this witness were in regard to the means to be employed in apprehending the defendants, who, according to the State's theory it had been learned by the deputy sheriff, were the persons who had prior thereto entered the building that the defendants were charged with having entered. The defendants denied having entered the building, and to corroborate the testimony of the deputy sheriff, who testified to the breaking and and entry, the Sheriff, who actually made the arrest, was produced as a witness and testified about the instructions given by him to the deputy sheriff with a view to detecting the offenders and affecting their capture. What the grounds of the objections were are not clear, either from the record or the brief, and, even if this evidence was harmful, which is doubtful, it was not made the subject of a motion to strike which we have many times held is necessary to preserve the exception. Kersey v. State, 73 Fla. 832, 74 South. Rep. 983; Thompson v. State, 55 Fla. 189, 46 South. Rep. 842; Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611.

The tenth assignment is based upon the court's ruling admitting the testimony of a witness, over objections of

defendants, as to admission of one of the defendants. The contention is that this evidence was not admissible as evidence against the other defendant and that the jury should have been so instructed. No instruction was prepared and requested on this point at the close of the evidence and the defendants are, therefore, not in position to complain about its not having been given. Bonner v. State, 67 Fla. 492, 65 South. Rep. 663; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Hicks v. State, 75 Fla. 311, 78 South. Rep. 270.

This disposes of all the assignments except that based upon the order overruling the motion of defendants for a new trial. The only ground of this motion not considered questions the sufficiency of the evidence to support the verdict. There are conflicts in the evidence, but they have been settled by the jury, and their verdict has the sanction of the trial judge. There is substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to show that the jury were influenced by considerations outside the evidence. We will, therefore, not disturb it. Wallace v. State, 76 Fla.   , 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419.

The judgment must be affirmed.

WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J.—I concur, because technically the defendants are guilty, but I regard the method resorted to to procure evidence to convict them most reprehensible.

TAYLOR, J., dissents.