D. B. LAWSON v. STATE.

169 So. 739.
Opinion Filed September 22, 1936.

*Edgar W. Waybright,* and *Roger J. Waybright,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchison,* Assistant Attorney General, for the State.

DAVIS, J.—Lawson was convicted in the Criminal Court of Record for Duval County of the felony of having received and bought thirty-four automobile tires and tubes, knowing them to have been stolen. Section 7239 C. G. L., 5138 R. G. S. From the judgment of conviction and sentence of three years imprisonment for the offense involved he prosecutes this writ of error.

While the evidence against the accused is unsatisfactory, consisting as it does solely of the mutable testimony of the

self convicted thief by whom the property involved was admittedly stolen and later delivered to the accused in this case, we deem unnecessary at this time a determination of its legal sufficiency to support the verdict, and confine our consideration entirely to the matter presented by the ninth assignment of error, which is that the Court committed error with reference to the following proceedings shown by the transcript:

"The jury retired and subsequently returned into court, whereupon the following further proceedings were had:

"The Court: Just be seated, gentlemen; Have you arrived at a verdict?

"Juror: We have not, Judge. We want repeated that portion of your charge pertaining to the knowledge of the theft—you have a portion of the charge pertaining to that, can we have that?

"The Court: Mr. Fetter, bring your pad up here.

"At this point the reporter read a portion of the charge to the court.

"By the Court: I believe I have what you have in mind, gentlemen, and I will give you this charge over again, and if it is not what you have in mind, let me know and I will see if I can clear up any other point that you are in doubt about.

"The Court instructs you that before you would be warranted in finding the defendant, D. B. Lawson, guilty as charged in the information, in this case, you must not only find that the property described in the information, or some part thereof, was stolen; as alleged in the information, but you must also find, beyond and to the exclusion of every reasonable doubt that D. B. Lawson knew, at the time he received the property, that it was stolen, or that from all the circumstances surrounding the transaction there was

sufficient (_ _ _) ? to put him on inquiry and notice as to whether or not it was stolen, and if the circumstances were such as to put him on inquiry and he made such inquiry and received a reasonable answer, that would be all that he would be required to do, provided you believe, beyond a reasonable doubt, that the answer he received was sufficient to convince him that the property that he is alleged to have received was not stolen, and if you so believe it, you must find the defendant not guilty—is that what you have in mind?

"Juror: That is what I had in mind, yes, sir.

"Jury retires.

"Mr. Waybright: Defendant asks for exceptions to all the charges, each and every part thereof, and to the last charge also.

"The Court: Note exceptions for the defendant to each and every single charge of the court."

In the motion for new trial, as well as at the time of the happening, the defendant excepted to the giving by the Court to the jury of the following quoted portion of the charge given to the jury after it had returned into court in search of further instruction on the element of "guilty knowledge" on the part of the accused as to the tire admitted to have been purchased by him from the thief: "Provided you believe beyond a reasonable doubt that the answer he received was sufficient to convince him that the property he is alleged to have received was not stolen, and if you so believe it, you must find the defendant not guilty * * *"

The information charged, and the burden was on the State to prove, the material allegation of its charge that the defendant then and there well *knew* that the involved property, goods and chattels had before their receipt by

the defendant, been stolen, taken and carried away. Such material allegation is capable of being made out either by direct or circumstantial evidence, but at all times it must be made to appear to the jury beyond a reasonable doubt by whichever character of evidence is adduced in support of the accusation that there is knowledge on the alleged receiver's part that the goods in controversy were stolen property, or knowledge of such facts on the receiver's part as would put a man of ordinary intelligence and caution on inquiry as to their stolen character. Hart v. State, 92 Fla. 809, 110 Sou. Rep. 253; Williams v. State, 106 Fla. 225, 143 Sou. Rep. 157; Minor v. State, 55 Fla. 90, 45 Sou. Rep. 818.

But in any case, if there be reasonable doubt as to the required guilty knowledge on the receiver's part, or reasonable doubt as to whether the defendant had knowledge of subsidiary facts of such nature as would put him as a man of ordinary intelligence and caution on inquiry as to their stolen character, so as to warrant an inference against him to be drawn that he must have known the goods involved were stolen goods, the benefit of that reasonable doubt must be given to the accused, and a verdict of acquittal returned in his favor where such reasonable doubt is found by the jury to arise out of the proven circumstances. Such is the rule with reference to the substantive larceny itself (Revels v. State, 68 Fla. 74, 66 Sou. Rep. 422) and no less a favorable consideration must be given a reasonable doubt of kindred character when arising in a case of alleged unlawful receiving of goods stolen.

The effect of the language of the court's charge objected to by the ninth assignment of error in this case was to reverse the burden of proof with respect to guilty knowledge by requiring the defendant to convince the jury beyond a

reasonable doubt that he was possessed of information at the time he received the alleged stolen goods sufficient to "convince" him that the property he was receiving was not stolen, and therefore the giving of such charge was palpable error. This is especially so when the record shows as it does here, that the charge was given to the jury after the jury had once been charged and retired and had come back to the court seeking more specific enlightenment on the precise point of the defendant's alleged guilty knowledge with respect to the transaction testified to by him and the State's witness at the trial.

It was not essential for the accused on trial for unlawfully receiving stolen goods *knowing* them to have been stolen to carry the burden of establishing that he was "convinced" that such goods were not stolen when he received them. On the contrary, he was at liberty to merely raise a reasonable doubt in the minds of the jury as to whether or not he knew, or ought to have known such stolen quality at the time. Therefore it was highly prejudicial error to deprive the defendant of a proper consideration of the evidence adduced against him in the light of the applicable presumption of innocence. He should not have been denied this benefit by an instruction from the court that informed the jury that the defendant could only be acquitted "provided" he was possessed of an "answer" from the thief "sufficient to convince him that the property he is alleged to have received was not stolen" at the time he is alleged to have received it from the self confessed thief.

But the state argues that the error, though conceded, is harmless and should not work a reversal. However, in a criminal case a fair jury, full evidence and a *correct charge as to the law* are substantial rights which, when properly insisted upon, ought not to be frittered away by a mere

characterization of their denial as "harmless" error under a statute providing that the courts of criminal appeal shall disregard all errors that may be justly said to be "harmless" by refusing to reverse criminal convictions therefor. Indeed, as the Circuit Court of Appeals of the United States for the Fifth Circuit has held in a comparatively recent decision construing the Federal "harmless error" statute in Outlaw v. United States, 81 Fed. (2nd) 805 (text p. 809) :

"In a criminal case a fair jury, full evidence, and a correct charge as to the law are certainly substantial rights. Many constitutional safeguards intended to secure full and fair trial before free juries, though procedural only, are substantial rights which ought not to be frittered away. Though they may generally be waived, the quoted statute (harmless error statute) cannot abolish them."

On the same principle we must hold, in line with the foregoing decision of the Circuit Corut of Appeals of the United States, that an error incorporated into a charge given to a trial jury in a criminal case that deprives the accused of the benefit of a reasonable doubt as to his guilt, or the benefit of a reasonable doubt as to any essential and material element necessary to be proved to establish his alleged guilt, cannot be disregarded as "harmless error" under our harmless error statute—Section 4499 C. G. L., 2812 R. G. S.

Reversed as to the ninth assignment of error and new trial awarded.

ELLIS, P. J., and TERRELL, BROWN and BUFORD, J. J., concur.