**WADE HILL v. STATE OF FLORIDA**

30 So. (2nd) 497            January Term, 1947
May 16, 1947                En Banc
Rehearing denied June 6, 1947

*Woodrow M. Melvin,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

PER CURIAM:

The judgment appealed from is affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.

BUFORD, J., dissents.

BUFORD, J., dissenting:

Appeal brings for review judgment of conviction of the offense of grand larceny. The State relied entirely on circumstantial evidence for conviction. The trial court failed to instruct the jury as to the law applying where the State relies entirely on circumstantial evidence.

The State admits that the record shows this infirmity, but contends that the appellant is precluded by section 918.10 Fla. Statutes 1941 (same F.S.A.) from assigning such failure as error.

This section is applicable in some cases but we should hold that it should be held to apply in cases where defendant is deprived of a fundamental safeguard by the failure of the court to charge the applicable law.

In Henderson v. State, 155 Fla. 487, 20 So. (2) 649, we said:

"It is contended by the State that while the charge supra is clearly erroneous, the error is waived by reason of the provisions of sub-paragraph 4 Sec. 215 Florida Criminal Procedure Act, sub-paragraph 4 Sec. 918.10 Florida Statutes 1941 (same F.S.A.).

"We cannot agree with this view. We must bear in mind the due process clause of both our State and Federal Constitutions. We are convinced that due process of law contemplates trial in a criminal case by a fair jury, with full evidence and correct charges or instructions to the jury as to the law. Of these elements of fundamental safeguard, an accused may

not be deprived either by statute or rule of court. See Lawson v. State, 125 Fla. 335, 169 So. 739, and cases there cited.

"When the provisions of statutes collide with provisions of the Constitution the statute must give way."

In Harrison v. State, 149 Fla. 365, 5 So. (2) 703, we had under consideration the failure of the court to charge the jury upon the law relative to the admission of, and the weight to be given to confessions. In that case we said:

"Section 4363, C.G.L. makes it the statute duty of the several trial courts of Florida in all cases at law and in all criminal prosecutions to charge the jury 'upon the law of the case.' Section 215 of the Criminal Code supra makes it the statutory duty of a trial court to charge the jury 'upon the law of the case.' 'The law of the case' contemplated by Section 215 of the Criminal Code and Section 4363 C.G.L. includes the weight to be given by juries to confessions as enunciated by the several decisions and utterances of this Court. The conviction of the appellant here necessarily rests on the confession. The omitted charge, under the circumstances of the case at bar, was of tremendous interest to the appellant and is one safeguard to him by the laws of Florida. It was the duty of the trial court under the circumstances of this case to so charge the jury, whether requested so to do by counsel or not. The omitted charge, as shown by the record in this case, was a part of 'the law of the case' provided for in Section 4363 C.G.L. and Section 215 of the Criminal Code."

If in a case the State relies entirely upon circumstantial evidence for a conviction and the trial court fails to charge the jury and instruct it as to the law regarding the sufficiency of circumstantial evidence to warrant a conviction, the defendant is deprived of due process of law. This is true because the jury must consider the evidence in the light of the law applicable thereto and it must receive its knowledge of the law from the instructions given it by the court. The jury is bound to take the law as it is given by the court on the trial. Without this due process of law cannot obtain and without due process of law a conviction cannot stand.

The appellant has presented other points that are unnecessary to be discussed here because the case must go back for a

new trial and it is not probable that the same matters challenged will arise in a future trial.

The judgment should be reversed and the cause remanded for a new trial.