### JOE MONTERESI v. STATE OF FLORIDA

| | |
|---|---|
| 35 So. (2nd) 582 | January Term, 1948 |
| June 1, 1948 | Special Division B |

*William C. Pierce* and *Cyrus W. Fields,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.:

This appeal is from a conviction, under Sec. 812.11, Fla. Stat., 1941, F.S.A., for receiving certain money with knowledge that same was embezzled. The only question is whether the evidence is sufficient to sustain the conviction.

The evidence presents an ugly picture demonstrating how vice and gambling will destroy legitimate business in a community if permitted to carry on its evil trade. Here a trusted employee, over a period of years—from day to day, misappropriated about $9,514.30 of his employer's money and gave it to appellant to play a number game commonly known as Bolita. Appellant would call upon the employee just before or after the usual working hours to get the money. The sums ranged from one to three hundred dollars per week. In the meantime all winnings were played back into the game. Finally the employer was called to meet an over-draft and learned, for the first time, of the embezzlement.

It was necessary for the State to show that appellant knew or knew of such facts as would put a man of ordinary intelligence and caution on inquiry that the money was embezzled. In this regard this statute is similar to the companion law of receiving stolen property. Sec. 811.16, Fla. Stat., 1941, F.S.A.

We find a total lack of evidence to meet the announced rule. We cannot attach guilty knowledge to appellant simply because the money was passed to him out of the usual hours of business and out of the presence of others. The evidence, in its present state, is insufficient to sustain a conviction. The judgment is reversed and a new trial is granted.

Reversed.

THOMAS, C. J., TERRELL and BARNS, JJ., concur.