133 So.2d 336 (1961)
Helen M. FORCEIER, Appellant,
v.
STATE of Florida, Appellee.
No. 1994.
District Court of Appeal of Florida. Second District.
September 20, 1961.
Rehearing Denied October 13, 1961.
Garrett & Garrett, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
KANNER, Judge.
The defendant, Helen M. Forceier, was found guilty by jury verdict of the offense of perjury. She urges reversal of the judgment of conviction upon two points, (1) that the evidence was insufficient to sustain the conviction, and (2) that the jury was improperly and inadequately instructed with respect to the law of perjury and the defenses to the perjury charge.
*337 As to the first ground, we have made a careful scrutiny of the record and find that the evidence abundantly sustains the verdict of the jury. Concerning the second ground, it is to be observed that it is phrased in language which is broad and general in nature. The defendant interposed no objection to the instructions given on the law of perjury by the trial court nor to any of the other instructions given; nor did she request any instruction to be given by the trial court in connection with the law of perjury.
Section 918.10(4), Florida Statutes, F.S.A., provides that in a criminal case no party may assign as error or grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict. He is required to state distinctly the matter to which he objects and the grounds of his objection. Thus, generally the failure to voice a timely objection precludes appellate review of the charges concerned. Williams v. State, Fla.App. 1959, 109 So.2d 379; Miller v. State, Fla.App. 1958, 102 So.2d 737; Clinton v. State, Fla.App. 1958, 100 So.2d 82. However, in respect to jury instructions, an error of the trial court may be reviewed on appeal in the absence of an objection if the error is so fundamental as to warrant such action or when the appellate court in its judgment deems the interests of justice to so require. Henderson v. State, 1945, 155 Fla. 487, 20 So.2d 649; section 924.32, Florida Statutes, F.S.A.; 2 Fla.Jur., Appeals, section 86, p. 366.
The case was submitted to the jury on the charges given by the trial judge, not only without objection by defendant to any of those charges but without request by her for a charge applying to any phase of the law of perjury. Where counsel feels that charges given by the trial court do not fully cover the essential issues in a trial, it is his duty to prepare and present a charge or charges embracing the additional points desired. Otherwise, he will not be heard to complain. Turner v. State, 1930, 99 Fla. 246, 126 So. 158. See also Miller v. State, 1918, 76 Fla. 518, 80 So. 314.
No fundamental or otherwise reversible error having been made to appear, the judgment of conviction with sentence is affirmed.
Affirmed.
SHANNON, C.J., and MILLEDGE, STANLEY, Associate Judge, concur.