OWEN, Judge.
In a two-count information filed in the Criminal Court of Record of Orange County, appellant was charged in the first count with larceny of a certain pistol of a value of more than $100, and in the second count with receiving and concealing such pistol knowing at the time that the same was stolen property. The two counts being by law inconsistent, Adams v. State, 1910, 60 Fla. 1, 53 So. 451; Ketelsen v. State, Fla.App.1968, 211 So.2d 853, the court granted the defendant’s motion requiring the state to elect at the outset of the trial as to which count it would prosecute.
The state having elected to prosecute for the crime of receiving stolen property, the trial resulted in a jury verdict of guilty whereupon adjudication was withheld and an order of probation entered, from which defendant now appeals.
The sole question on this appeal is the legal sufficiency of the evidence to establish actual or constructive knowledge on the part of appellant at the time the pistol came into his possession, or thereafter while it remained in his possession, that the same was stolen property.
Briefly stated, the evidence established that the pistol belonged to one Prager who owned a gun shop in Orlando where the pistol was kept in a safe. Prager saw the pistol in the safe when he left the shop in charge of his salesman Mullan around 5:00 P.M. Mullen recalled the pistol being in' the safe when defendant came into the gun shop about 6:30 P.M. and began to examine another gun in the safe. Mullan was then waiting on a customer in a remote section of the gun shop. After the defendant left the shop no other customers came in, and shortly thereafter Mullan locked the safe and closed the shop for the night. At that time he felt that “something was wrong” but it was not until the next morning when he opened the safe and discussed its contents with Mr. Prager that it was determined that the pistol was missing. Several months later the defendant traded this same pistol to a gun dealer in Volusia County.
The burden was on the state to prove beyond a reasonable doubt that the pistol had been stolen before the defendant received it, and that the defendant had actual or constructive knowledge that it was stolen. Lawson v. State, 1936, 125 Fla. 335, 169 So. 739. While the evidence clearly establishes that the pistol was stolen property, there is no evidence which establishes beyond a reasonable doubt that it was stolen prior to the time the defendant came into the possession of it. To the contrary, the circumstantial evidence surrounding the defendant’s conduct while standing near the safe where the pistol had last been seen by the owner or his salesman, points strongly to the defendant as the one who stole the pistol. Cf. Ketelsen v. State, supra. Neither this circumstantial evidence, nor the evidence establishing that the defendant had possession several months later, was sufficient for the jury to find that the defendant had knowledge that *542 the pistol was stolen property, or knowledge of facts which would have put him, as a man of ordinary intelligence and caution, on inquiry as to its stolen character. See Monteresi v. State, 1948, 160 Fla. 489, 35 So.2d 582. Mr. Prager testified for the state that to the “untrained eye” there was nothing about the gun’s appearance which would readily distinguish it from any other similar type pistol.
The state having failed to prove beyond a reasonable doubt these essential elements of the substantive crime, the defendant’s motion for judgment of acquittal made at the close of the state’s case should have been granted. The verdict and order of probation are vacated and this cause is remanded with instructions to enter a judgment of acquittal on the charge of receiving stolen property.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, C. J., dissents, without opinion.