PER CURIAM.
Appealing from his conviction, on a non-jury trial, of “unlawfully buying, receiving or aiding in the concealment of stolen property, well knowing the same to be stolen”, the appellant argues the court erred in denying his motion for acquittal and in finding and adjudging him guilty, contending the evidence was insufficient to establish the element of knowledge that the property was stolen.
*801 “It is essential to a conviction for receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry.” Johnson v. State, 127 Fla. 100, 172 So. 708. See also Franklin v. State, 66 Fla. 213, 63 So. 418; Cortes v. State, 135 Fla. 589, 185 So. 323; Monteresi v. State, 160 Fla. 489, 35 So.2d 582. Cf. State v. Graham, Fla. 1970, 238 So.2d 618.
On consideration of this appeal we find no reversible error has been shown. There was substantial competent evidence to support the judgment of conviction. The circumstances of the transaction as revealed in the record were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry as to the stolen character of the property involved. The question as-to proof of such element, based on the evidence, was within the province of the judge as the trier of the facts.
The judgment is affirmed.