C. G. BONNER, et al., Plaintiffs in Error, v. THE STATE OF FLORIDA, Defendant in Error.

Opinion Filed May 26, 1914.

1. In a prosecution for murder, evidence tending to show motive is admissible for that purpose.

2. In a prosecution for murder, when the evidence is circumstantial, there being no eye-witnesses to the homicide, the proof of motive for committing the crime is relevant and sometimes important and very potential.

3. In a prosecution for murder, testimony tending to show the personal feeling between the accused and the deceased and to disclose a motive for the crime is admissible.

4. A fact that is pertinent and relevant to the issue, and that tends to establish the commission of the crime charged, is not rendered inadmissible in evidence because it may have a tendency collaterally to prejudice the defendant with the jury.

5. Evidence examined and found sufficient to support the verdict.

Writ of Error to Circiut Court for Washington County; D. J. Jones, Judge.

Judgment affirmed.

*Ira A. Hutchinson* and *Wells* and *Sapp,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—C. G. Bonner, Melt Bonner and Cleveland Bonner were jointly indicted and tried for murder. The trial resulted in C. G. Bonner and Melt Bonner being convicted of murder in the first degree, with a recommendation to the mercy of the court, and Cleveland Bonner being convicted of murder in the second degree. Each one of the defendants was sentenced to imprisonment in the State prison for the term of his natural life. The defendants jointly seek relief here by writ of error. Thirty-one errors are assigned, of which the first and sixteenth are expressly abandoned and the twenty-sixth and the twenty-seventh, twenty-ninth and thirtieth are not argued and will be deemed to have been abandoned. We have examined all of the remaining assignments, but shall discuss only those which we think merit it. We preface our discussion with the statement that, so far as the record discloses, there were no eye-witnesses to the tragedy, the evidence upon which the conviction was obtained being circumstantial in its nature.

The assignments from the second to the ninth inclusive, are argued together by the defendants and, as they state in their brief, "relate to questions propounded to

Obie Crocker, a witness for the State." After the State had introduced certain witnesses, who had testified as to the *corpus delicti* and also as to circumstances which pointed to the defendants as the perpetrators of the crime, or at least which tended to implicate the defendants, Obie Crocker was called to the witness-stand. It should be stated that the name of the man whom the defendants were charged to have killed was Tom Morrell, and testimony had been introduced to show that there had been a lawsuit between Lee Morrell and Ida Bonner, which had engendered bad feelings between the two families. After 'the witness had testified that he was County Judge of Washington County, he proceeded to identify certain papers which were handed him as having been filed before him as such County Judge. Over the objections of the defendants, these papers were admitted in evidence and the rulings thereon form the basis for the tenth assignment. No extended discussion of these several assignments seems to be necessary. It developed that Ida Bonner, who was the daughter of C. G. Bonner, one of the defendants, and the sister of the other two defendants, had filed an affidavit before such witness in which Lee Morrell, a relative of the deceased, was charged with bastardy, upon which a warrant issued and a trial was had, which resulted in Lee Morrell being discharged. It further developed that Tom Morrell, the deceased, was a witness in behalf of Lee Morrell and by his testimony incurred the hostility of the defendants. It subsequently developed from the testimony adduced that both at and after such trial threats of personal violence and even of death had been made by two of the defendants, against the deceased. In support of these assignments it is contended by the defendants as follows: "The only purpose for which the State introduced the witness was to prove mo-

tive of the defendants to kill Thomas Morrell. The defendants were not parties to the trial of the State of Florida, *ex rel.,* Ida Bonner v. Lee Morrell, were not shown to be parties at interest and the only effect of admitting such testimony would be to prejudice the jury against the defendants." It is also contended that the affidavit, plea and warrant in the bastardy proceeding did not tend to prove any motive upon the part of the defendants. We have carefully examined the bill of exceptions in connection with these assignments, especially noting the grounds of objection interposed to the proffered evidence and are of the opinion that such assignments have not been sustained. We find that in his various rulings upon the objections interposed to the evidence which the State sought to introduce, especially the papers connected with the bastardy proceedings, the trial judge the trial judge was careful to safeguard the rights of the defendants. In fact, such papers were admitted conditionally, the ruling being as follows: "The papers will be admitted only on condition that it is shown that the defendants, or one of them at least, had knowledge, or subsequently had knowledge of the testimony given by this particular witness. If that cannot be shown the papers will be ruled out later." Immediately after such ruling testimony was introduced to the effect that after the evidence was closed in the bastardy proceeding, at which Thomas Morrell testified, the evidence was gone into and discussed by the respective counsel before the County Judge, in the presence of the defendants, C. G. Bonner and Melt Bonner. Whereupon the counsel for the defendants requested the court as follows: "We move the court to instruct the jury that in considering the testimony of this witness that it must be considered as against the defendants, C. G. Bonner and Melt Bonner, and should not be consid-

ered as against the defendant, Cleve Bonner, for the reason that it is shown by the testimony of this witness that Cleve Bonner was not present to hear the argument of counsel, and knew nothing about the facts of the case, and there has been no conspiracy shown between the three defendants." Whereupon the trial judge stated, "That instruction will be given later if there is no conspiracy or concertive action shown between them." As we held in Daniel v. State, 57 Fla. 1, 48 South. Rep. 747, "In a prosecution for murder, evidence tending to show motive is admissible for that purpose." As was said in State v. Adams, 138 N. C. 688, text 697, 50 S. E. Rep. 765, "When the evidence is circumstantial, the proof of motive for committing the crime is relevant and sometimes is important and very potential, as it may carry conviction to the minds of the jurors, when otherwise they would not be convinced." As we also said in Maloy v. State, 52 Fla. 101, 41 South. Rep. 791, "In a prosecution for homicide testimony tending to show the personal feeling between the accused and the deceased and to disclose a motive for the crime is admissible." See also Smith v. State, 48 Fla. 307, 37 South. Rep. 573, and Andrew v. State, 62 Fla. 10, 56 South. Rep. 681. We would also refer to 2 Wharton's Criminal Evidence (10th ed.), Paragrph 893. As we held in Kirby v. State, 44 Fla. 81, 32 South. Rep. 836, "A fact that is pertinent and relevant to the issue, and that tends to establish the commission of the crime charged, is not rendered inadmissible in evidence because it may have a tendency collaterally to prejudice the defendant with the jury." Barkman v. State, 41 Tex. Cr. Rep. 105, 52 S. W. Rep. 73, is instructive as to the admissibility of testimony in a prosecution for homicide to show motive. The eleven to the fourteenth assignments inclusive are also based upon the admission of the testi-

mony of the same witness, Obie Crocker, in reference to the bastardy proceedings before him as County Judge, and what we have said in treating the preceding assignments disposes of these assignments adversely to the contention of the defendants. The fifteenth assignment is predicated upon the refusal of the trial judge to instruct the jury, as requested by the defendants, to the effect that the testimony of Obie Crocker as to the evidence in the bastardy proceeding having been gone into and discussed before him in the presence of C. G. Bonner and Melt Bonner could not be considered as against the other defendant, Cleveland Bonner. We have copied this request above and also the ruling thereon to the effect that such instruction would be given later on if there was no conspiracy or concertive action shown between such defendant and the other two defendants. We do not find that the request for such instruction was renewed at the close of the evidence, and as a matter of fact, evidence was introduced which showed or at least tended to establish such conspiracy or concerted action, therefore this assignment must be held to have failed. We will add that fourteen special instructions were given at the instance of the defendants, which would seem to be all that they requested, and some of them are decidedly more favorable than they were entitled to under the law, so that they would have nothing of which to complain along that line. We will further state that the general charge given by the trial judge of his own motion seems to have been carefully prepared and to set forth correctly the legal principles applicable to the case being tried. At any rate, the assignments based upon certain portions thereof have not been argued by the defendants, hence must be considered as abandoned. The seventeenth to the twenty-fifty assignments inclusive are based upon the exclusion of certain

evidence proffered by the defendants and are argued together. We have given them all a careful examination and are of the opinion that no error in the various rulings of the trial judge have been made to appear to us in excluding such proffered evidence. We see no useful purpose to be accomplished by discussing such assignments.

As to the assignment based upon the overruling of the motion for a new trial which questions the sufficiency of the evidence to support the verdict, the jurors have shown by their verdict that they considered such evidence sufficient to fasten the crime upon the defendants and warrant their conviction. By overruling such motion the trial judge concurred with the jurors in their finding. It is not contended here that the jurors were improperly influenced by considerations outside the evidence. We have carefully read all of the evidence adduced and after doing so are of the opinion that the jurors, as reasonable men, could well have found such verdict This being true, under the established practice of this court, we must concur with the jury, and the trial judge. See Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238, and Godwin v. Collins, 64 South. Rep. 752.

No reversible errors have been made to appear to us, therefore the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.