JOHN L. DEDGE, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed November 10, 1914.

1.  Previous jury service within the year is now a disqualifica-
    tion and not a privilege personal to the venireman.

2.  Trifling changes in physical conditions do not render photo-
    graphs inadmissible.

3.  An accused, upon voluntarily becoming a witness, may be im-
    peached by proper proof of contradictory statements previous-
    ly made, not amounting to a confession of guilt, illegally
    obtained.

4.  If error be predicated upon the bill of exceptions, it must ap-
    pear affirmatively and not by a forced inference.

5. The evidence warranting a verdict for murder in the first degree, a conviction of murder in the second degree will not be disturbed.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*A. G. Hartridge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Under an indictment for murder in the first degree, John L. Dedge was convicted of murder in the second degree and sentenced to life imprisonment.

The court properly excused *sua sponte* three veniremen who stated they had conscientious scruples against the infliction of the death penalty. The indictment submitted an issue to them involving that penalty, and the State was entitled to a jury that left to the Legislaure the determination of that question of State policy. The judge in so rejecting a talisman does not express his opinion of the weight of the evidence that may thereafter be submitted to the jury for its determination,

Previous jury service within the year is now a disqualification and not a personal privilege as the statute was when the case of Yates v. State, 43 Fla. 177, 20 South. Rep. 965, was decided.

There was no error in admitting in evidence photographs of the scene of the homicide. The physical changes that took place between the time of the killing and the time of the trial were trifling and were accounted for,

16—Vol. 68

and as the jury visited the premises the admission of the photographs became as evidence well nigh negligible.

That Dedge actually killed William H. Warren was abundantly proved and Dedge upon the stand admitted that fact. In his testimony as a voluntary witness he stated that he fired the first shot from the bath room window, near which shots from Warren's gun were found, and that his second and third shots were fired from the porch. For the purpose of adducing impeaching testimony, and after being warned that he need answer nothing that would tend to incriminate him, he was asked if he had not stated to a deputy sheriff who arrested him very soon after the killing, that he fired all three shots from the porch. Upon his denial that he had so stated the deputy was permitted to contradict him. It is contended that this was error; that through the guise of impeaching testimony the State was able to get before the jury a confession that was incompetent because obained under duress.

We can readily see much force in the contention, if we admit that the statement could in law be considered a confession of guilt; but it bears none of the earmarks of such confession. If, for example, the accused upon his arrest should say that he was in Pensacola when a homicide was committed in Tallahassee, and upon the trial testify that he was at the time in Jacksonville, such inconsistency would go to his credibility as a witness, and not to his guilt. We think the inconsistency in the statements before us goes no further. He first states that he fired the shot from one place, and then testifies he fired from another place. We have frequently held that the accused. when voluntarily becoming a witness, is subject to cross-examination and impeachment as any other witness. While this holding does not admit evidence otherwise in-

competent, we are clear that the testimony here complained of is within the rule. In Daniels v. State, 57 Fla. 1, 48 South. Rep. 747, we decided that statements other than confessions of guilt of a crime are in general admissible in evidence against the party making them as other admissions against interest, recognizing as an exception only such statements as may be drawn out by a committing magistrate under the pains and penalties of perjury when the party examined is not warned of his rights. The other cases in our reports involved the admission of illegal confessions of guilt.

It is urged that the view of the premises should not have been permitted because the locus had been changed. All the changes were trifling and had been fully gone into by witnesses. These views are largely discretionary, and the granting of the instant one was well within the court's power. It is also urged that the record does not show the presence of the accused at the view. We are advised that a view took place only in the bill of exceptions, which is very meagre in its statement, and is wholly silent as to the presence or absence of the accused. We have been careful to hold the court and its clerk to a strict showing upon the record proper of all the necessary steps in criminal cases, and we have also held counsel for the plaintiff in error to a strict accountability for what appears in the bill of exceptions. If error is predicated upon the bill of exceptions, it must appear affirmatively and not by a forced inference. Assuming that the presence of the accused was necessary at the view and presuming that the judge acted correctly in the absence of a showing to the contrary, we cannot hold him in error for an omission of which he may be entirely innocent.

The court charged correctly and fully upon the defense of the accused's home being his castle of defense, and the

special instruction upon that defense requested by the plaintiff in error was properly refused.

The evidence for the State would have warranted a verdict of murder in the first degree, and under our statute we will not interfere with the verdict for a lower degree.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.