JESSE GOREY, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

Opinion filed February 15, 1916.

On petition for rehearing April 5, 1916.

1.  On cross-examination of a defendant who voluntarily becomes
    a witness, a wide latitude is allowed to test the credibility of
    the testimony given; and it is not error to permit proper
    questions as to previous statements or admissions of the wit-
    ness that are relevant to the issues being tried, even though
    the tendency of the question is unfavorable to the defend-
    ant.
2.  In a prosecution for the crime of carnal intercourse with an
    unmarried female person under the age of eighteen years,
    committed prior to the enactment of Chapter 6974, Laws of
    1915, it is not error to charge the jury that the previous
    chaste character of the prosecuting witness is not in issue.
3.  Even if technical error is committed in admitting testimony
    as to statements or confessions made by the accused while
    in custody, such error will not constitute reversible error
    when there is other evidence of confessions not objectionable
    and there is evidence to sustain the verdict.
4.  Charges requested may properly be refused when they are in-
    correct or inapplicable or have been covered by other charges
    which have been given.

Writ of Error to Criminal Court of Record, Volusia
County; Bert Fish, Judge.

Judgment affirmed.

*Stewart &Stewart*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*,
Assistant, for the State.

PER CURIAM.—Jesse Gorey was convicted of having carnal intercourse with an unmarried female person under the age of eighteen years, a statutory offense. In such a prosecution evidence as to whether the prosecuting witness had had carnal intercourse or improper relations with other men was not material, the general reputation of the witness not being put in issue. On cross-examination of a defendant who voluntarily becomes a witness, a wide latitude is allowed to test the credibility of testimony given; and it is not error to permit proper questions as to previous statements or admissions of the witness, that are relevant to the issues being tried, even though the tendency of the question is unfavorable to the defendant. See Daly v. State, 67 Fla. 1, 64 South. Rep. 358; Bonner v. State, 67 Fla. 492, 65 South. Rep. 663.

It was not error in this case to charge the jury that the previous chaste character of the prosecuting witness was not in issue. See Holton v. State, 28 Fla. 303, 9 South. Rep. 716. Such charges were justified by the nature of the case and the character of the evidence adduced.

If error was committed in admitting testimony as to statements or confessions made by the defendant while in custody, there is other evidence of confessions not objectionable, and there is ample evidence to sustain the verdict. Charges requested may be refused when they are incorrect or inapplicable or have been covered by other charges given.

The judgment is affirmed.

All concur.

PER CURIAM.—Questions as to whether other persons than the defendant below had had improper rela-

tions with the prosecuting witness, and as to who may be responsible for her condition of pregnancy are not within the issues under the statute then in force, the offense being statutory and is committed by mere carnal intercourse with an unmarried female under the age of eighteen years. §3521 Compiled Laws of 1914; §3521 Gen. Stats. 1906.

The transcript of the record does not clearly show an error in admitting evidence of confessions by the accused, since the confessions testified to were not shown to have been made under circumstances requiring the accused to be warned that confessions made by him could be used in evidence against him.

Rehearing denied.

All concur.