53 So.2d 920 (1951)
STORY
v.
STATE.
Supreme Court of Florida, en Banc.
July 31, 1951.
Rehearing Denied August 21, 1951.
Sam B. Wilson, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen. and Murray Sams, Jr., Asst. Atty. Gen., for appellee.
HOBSON, Justice.
On the 30th day of September, 1949, the Grand Jury of Duval County, Florida, returned an indictment which charged the *921 appellant with the crime of murder in the first degree. It was alleged in the indictment that the appellant "on the twenty-second day of August in the year of our Lord one thousand nine hundred and forty-nine, in the County and State aforesaid, unlawfully and from a premeditated design to effect the death of one Thomas W. St. John, did then and there kill the said Thomas W. St. John by shooting him to death with a pistol." It appears from the record that the appellant also shot and killed his former wife, Mrs. Lucile St. John, almost simultaneously with the slaying of her husband, Thomas W. St. John. An indictment was also returned charging the appellant with having murdered Mrs. Lucile St. John.
On October 25, 1949, the appellant was duly arraigned. On November 28, 1949, he came on for trial in the Circuit Court of Duval County, Florida. On November 30, 1949, the jury brought in its verdict finding the appellant guilty of murder in the first degree without recommendation for mercy.
On the 13th day of December, 1949, motion for new trial was filed and on the 21st day of December, 1949, an order denying new trial was entered. Thereupon appellant was given the death sentence by the Judge of said Court. Notice of appeal was entered on March 13th, 1950.
The appellant poses three questions. The first question is stated as follows: "Where, in a murder trial the state, at the close of defendant's case, introduced in evidence a confession of the defendant, over his objection, ostensibly for the purpose of rebutting certain prior inconsistent statements of the defendant, was it legally permissible for such confession to be admitted in evidence on rebuttal?"
The foregoing question was answered affirmatively by the trial court and we do not find that his ruling was erroneous. We had occasion to pass upon this question in the case of Browne v. State, 92 Fla. 699, 109 So. 811. In that case and also in the cases of Maloy v. State, 52 Fla. 101, 41 So. 791, and Dedge v. State, 68 Fla. 240, 67 So. 43, we held that a defendant in a criminal prosecution who takes the stand voluntarily as a witness may be impeached as any other witness. The situation depicted in the case of Browne v. State, supra, with reference to the question now under consideration is so closely analogous to that of the instant case as to make it unnecessary for us further to labor the point. The ruling of the trial judge on the first question presented by appellant is sustained upon the authority of the cited cases.
The second question raised by appellant is stated by him as follows: "Where a juror who sat in the trial of a first degree murder case denied under oath on his voir dire examination conducted by the judge of the court, touching his competency and qualification as a juror, that he had ever been convicted of bribery, forgery, larceny, perjury or any other felony, whereas, in fact he had been previously convicted of a felony, and that fact and the falsity of the juror's oath were at that time and during the trial unknown to the defendant and his attorney, did this false oath constitute such misconduct by the juror as to deprive the defendant of the right of trial by a legal, fair and impartial jury as guaranteed to him under the laws and Constitution of the State of Florida?"
This question, as it is posed, does not disclose the fact that although the juror had been convicted in the U.S. District Court of South Carolina of forging signatures to, and passing, offering and publishing government checks and on October 10, 1922, was sentenced to imprisonment for a year and a day in the U.S. Penitentiary at Atlanta, Georgia, and to pay a fine of $500, that thereafter the said juror had been granted a Presidential pardon which had the effect of restoring his civil rights.
Appellant takes the position that the false answer made by Speigler constituted a fraud and deception upon the Court and all persons interested in the case and that by reason of such fact appellant was deprived of a trial by a legal, fair and impartial jury.
The question which was asked juror Speigler and to which he obviously *922 made a false answer, was as follows: "Have you ever been convicted of bribery, forgery, larceny, perjury or any other felony?" It will be observed that this question does not plumb our statute, 40.07 (1) Fla. Statutes 1941, F.S.A., which reads as follows: "No person who is under prosecution for any crime, or has been convicted of bribery, forgery, perjury or larceny, unless such person shall have been restored to civil rights, shall be qualified to be a juror." (Italics supplied) See also Sec. 40.01(2) Florida Statutes, 1941, F.S.A.
We do not hold that the Trial Judge committed reversible error in asking the above quoted question, but only that, as posed, the query was not material. We do, however, believe that the Judge, when examining jurors on their voir dire, should track the statute and ask in one question: "Have you ever been convicted of bribery, forgery, perjury, larceny or any felony and not restored to civil rights?" We make this observation for two reasons. In the first place, the question as framed by the Trial Judge in this case is not sufficient to test the qualification of a prospective juror under Section 40.07(1) or Section 40.01(2) Florida Statutes, 1941, F.S.A., because a person is not disqualified to sit as a juror although he has been convicted of bribery, forgery, perjury, larceny or other felony unless such person has not been restored to civil rights. In the second place, the problem which is now before this Court would not have arisen, had the question propounded by the Circuit Judge been stated in the language of the statute as we have suggested herein.
Moreover, it is embarrassing for a person to be required unnecessarily to answer affirmatively that he has been convicted of such crime as bribery, forgery, perjury, larceny or of any felony. He might in good faith hesitate to answer that he had been convicted of one of the enumerated crimes or of any felony, when, as in this case, he knew he was not disqualified to sit as a juror because he had discussed the matter with "the Honorable Judge more than one time, when I produced my papers, I was called back, not a jury case, some kind of case, not a murder case, and he told me the reason I did not have to answer those questions at all when I was sworn in, and that's the reason I never answered any other question."
Since it clearly appears that the juror had been granted a Presidential pardon and had learned by discussing the matter with "the Honorable Judge" that he was not in fact disqualified to sit as a member of a jury in this State, we are not led to the conclusion that his false answer operated as a fraud upon the appellant in such manner as to result in the appellant being prejudiced or deprived of a trial by a legal, fair and impartial jury. The false answer did not have the effect of concealing any disqualification on the part of the juror.
The contention made by appellant that the false answer constituted a fraud upon the Court, might have been well taken in that such false answer might have amounted to a contempt, absent existing mitigating circumstances. As was ably stated by Federal District Judge Dozier DeVane in the case of the United States v. Lampkin, D.C., 66 F. Supp. 821, 824, "A juror does not possess the right to pass upon the question of what is or what is not deemed material by the court, or the litigants, touching his qualifications to serve in a particular case. That prerogative rests with the Court."
However, regardless of whether, technically speaking, Mr. Speigler might have been subject to citation for contempt, the fact remains that he was not disqualified to sit as a juror.
Counsel for appellant has cited several cases which hold that jurors must fully, frankly, truthfully and fairly answer all material questions asked them on their voir dire examinations touching their qualifications as jurors. We are convinced that this is the prevailing, if not the universal, rule but we are not persuaded to the view that the question which juror Speigler answered falsely was a material question because it did not fully conform to the statute. Had the question followed the language of the statute and thus have been material, it would not necessarily ensue that a false answer thereto, although possibly *923 contemptuous, would ipso facto establish a disqualification of the juror. In such a case his disqualification would result from the application of the statute to the true facts  not from his false answer. A person is only disqualified by virtue of commission of a crime to sit as a juror in this State when he is under prosecution for any crime or has been convicted of bribery, perjury, forgery, larceny or any felony and has not been restored to civil rights. Speigler was not under prosecution for any crime nor had he been convicted of perjury and not restored to civil rights.
The appellant does not contend that the juror named Speigler was disqualified to sit as a juror or that he could have been challenged for cause but does contend that the false answer given by Speigler to the court on his voir dire examination constituted an obstruction of justice in that it deprived the appellant of his right to intelligently decide whether he should challenge the juror and, consequently, the appellant was denied a trial by a legal, fair and impartial jury.
The contention made by appellant, that he was deprived of his right to an intelligent challenge, is without merit.
Although appellant and his counsel may have been present when the Trial Judge propounded to all prospective jurors questions touching their qualifications, such fact did not deprive the appellant, through counsel, of the right exhaustively to examine each juror and determine whether he wished to exercise a peremptory challenge before accepting the panel. The Court did not make the voir dire examination for the purpose of determining whether the appellant might desire peremptorily to challenge any juror if he should be called from the venire to sit in his case but only made such examination in order to decide whether members of the venire were qualified under the law to act as jurors in cases regularly set for trial in which they might be chosen to so act. The only presumption after the voir dire examination upon which appellant was entitled to rely was that the prospective jurors, including juror Speigler, were legally qualified to function as jurors. The fact that juror Speigler was not disqualified is patent; indeed, it is admitted. Appellant had the same freedom of examination and the identical right to challenge peremptorily as is accorded every defendant charged with the crime of murder in the first degree.
We hold that the learned Circuit Judge did not err when he decided that the false answer did not constitute an obstruction of justice or such fraud or deception upon the Court and the appellant as to deprive appellant of a trial by a legal, fair and impartial jury.
The third question posed by appellant challenges the sufficiency of the evidence to sustain the verdict. We have carefully studied the evidence as reflected by the transcript of record. We do not find that reversible error has been made clearly apparent and the evidence does not reveal that the ends of justice require a new trial to be awarded. Sub-paragraph 2, Section 924.32 Florida Statutes, 1941.
Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, ADAMS and ROBERTS, JJ., concur.