MATHEWS, Justice
(concurring specially).
The appellant has placed so much importance upon his claim that he was not in the jury room when the trial Judge, his own attorney, the State’s Attorney, and the Court Reporter, at the request of the jury, went into the jury room to give further advice and instruction to the jury concerning the form of their verdict, that it may be desirable to further discuss this question.
The statute, section 914.01, F.S., F.S.A,, provides as follows:
“Presence of defendant when prosecution for felony
“In all prosecutions for a felony the defendant shall be present:
“(1) At arraignment;
“(2) When a plea is made;
“(3) At the calling, examination, challenging, impaneling and swearing of the jury;
“(4) At all proceedings before the court when the jury is present;
“(5) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
“(6) At a view by the jur}';
“(7) At the rendition of the verdict;
“(8) Persons prosecuted for misdemeanors may, at their own request, by leave of court, be tried in their absence from the court.
*869 “Provided, however, that upon the beginning of the trial of a defendant upon any charge contained in any indictment or information and the defendant being present thereat, if said defendant shall thereafter, during the progress of said trial, or before the verdict of the jury shall have been returned into court, voluntarily, without leave of court first had and obtained, absent himself from the presence of the court, the trial of said cause or the return of the verdict of the jury in said case shall not thereby be postponed or delayed, but said trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.”
It appears from the record that the jury retired to consider their verdict and the following occurred:
“Thereupon the Jury, through the Bailiff, announced to the Court that they would like further instructions from the Court.
“Thereupon the Court, the State Attorney, Counsel for the defendant and the Court Reporter, proceeded to enter the Jury room, where all jurors were assembled and the following proceedings were had:
“By the Court — Ladies and Gentlemen, I understand that you wish further instructions from the Court.
“By Juror — We would like to know if it is possible to render varying degrees on the two different counts; different degree on the first count and another degree on the second.
“By the Court — Yes it is possible. The question is, can different degrees of Murder be found on the respective counts?
“By Juror — We would like to know if that is possible.
“By the Court — Ladies and Gentlemen, we are perhaps as much confused as you are and the State Attorney and Counsel for the defendant feel that you ought to indicate to us what is puzzling you before we can answer what the law is with regard to the question you ask.
“By Juror — Can I state the conclusion we have reached?
“By the Court — Is,that agreeable with the State Attorney?
“By Mr. Sams — State Attorney — Yes.
“By the Court — Is that agreeable to Counsel for the Defendant?
“By Mr. Godbee — Yes.
“By Juror — It would read, the way we would like to have it read is: ‘We, the Jury find the defendant guilty of Murder in the Second Degree as to Count One of the Indictment, and guilty of Murder in the First Degree as to Count Two of the Indictment.’
“By the Court — Is that the complete verdict?
“By Juror — Yes.
“By the Court — We will determine further and advise you.
“Thereupon the Court, the State Attorney, Counsel for the defendant and the Court reporter left the Jury room.”
The record then shows that the State Attorney, counsel for the defendant, the trial Judge and the Court Reporter left the jury room and went to the Chambers of the Judge to discuss the matter. Thereafter the Judge, State Attorney, attorney for the defendant and the Court Reporter returned to the Court room. The attorney for the defendant then made some motions, not necessary to discuss here. After the consideration of such motions and further discussion with reference to what instructions should be given to the jury, pursuant to their request, the record shows:
“Thereupon the Court, the State Attorney, Counsel for the defendant and the Court Reporter, proceeded to enter the Jury room where all Jurors were assembled, and the following proceedings were had:
“By the Court — You Ladies and Gentlemen of the Jury having requested further instructions regarding the form of a proposed verdict, the Court charges you further — If the verdict you propose to render on one count of the Indictment is of a lesser degree of homicide than the verdict you propose to render on the other count of the Indictment, it would be proper for you to render a verdict of Guilty of the greater offense, of which you find the de *870 fendant guilty, and Not Guilty of the lesser offense.
“Thereupon the Court, the State Attorney, Counsel for the defendant, and the Court Reporter, left the Jury room.
“Thereupon the Jury reported at 4:50 o’clock p. m., that they had reached a decision and returned into Court.
“Thereupon the Jury was polled, the verdict was received by the Court and Ordered read.
“Thereupon the Jurors were polled individually and each announced to the Court that the verdict was their verdict.”
At no stage of the proceeding did the defendant make any request to go into the jury room. No reason is shown why he could not go into the jury room had he desired to do so. The record does not show whether the door between the jury room and the Court room was open or shut. The attorney for the defendant specifically stated that the proceedings were agreeable to him.
In the cases of Kersey v. State, 73 Fla. 832, 74 So. 983, and Haynes v. State, 71 Fla. 585, 72 So. 180, applications were made for a view of the scene of the crime. The defendant [in each case] was not present at the view, but he was not denied the privilege of being there. This Court held in each case that such proceedings did not constitute reversible error.
In the case of Haynes v. State, supra, this Court cited and quoted from with approval the case of State v. Reed, 3 Idaho (Hasb.) 754, 35 P. 706. In that case the Supreme Court of Idaho held that it was incumbent upon the defendant to make any desire that he had to be present at the view manifest before the Court and by his failure to do so, he clearly waived any right, constitutional or otherwise, he might have had to be present.
In the motion for a new trial the appellant made no mention whatsoever of the proceedings now complained of. The first time we find any complaint on the part of the defendant [appellant], or his counsel, appears in the assignment of error after the motion for new trial had been denied. It, therefore, appears that the defendant himself attached no significance to the occurrence in question until after the case was on appeal and he filed his assignments of error. This appears to have been an afterthought and only became of any importance after the verdict of the jury and the denial of a motion for new trial.
Under the facts and circumstances as shown by the record in this case, it does not appear that any error was committed by the trial Court. It further appears that if the occurrence now complained about was irregular in any way, such irregularity was waived by the defendant and was harmless and fully covered by section 924.33, F.S., F.S.A., which reads as follows:
“No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
The above section is not a creature of the Court but is a solemn legislative enactment. In deference to the Legislative Department of the Government, we have no authority to ignore that statute. Whether or not we believe in the statute is immaterial. It has been applied in innumerable cases since its adoption. If the statute is unwise, the remedy is to repeal by legislative enactment and not by judicial decree, because we disagree with it.
At the time the jury requested instructions as to the form by their verdict, the record shows that their minds had been made up and they only wished instruction as to the manner and form of carrying into effect their conclusions. The occurrence complained of did not injuriously affect any substantial right of the appellant. A party seeking a reversal because of such an occurrence has the burden of showing harmful error, that is, that he was injuriously affected in his substantial rights by the occurrence complained of. No such showing has been made. See Davis v. State, 150 Fla. 597, 8 So.2d 36, and Cornelius v. State, Fla., 49 So.2d 332, 335. In the latter case the Court found that there was an error as complained of, but said:
*871 " * * * it does not follow that the error was harmful or prejudicial. ‡ ‡ *
The harmless error statute makes no distinction between homicides or other felonies. It does not exempt cases where capital punishment is the penalty. This Court is not authorized to make any such distinction and, as a matter of fact, has never attempted to do so. It has been applied in many homicide cases where capital punishment was the penalty, such as, Whitten v. State, 86 Fla. Ill, 97 So. 496; Story v. State, Fla., 53 So.2d 920; Jones v. State, Fla., 59 So.2d 522. In the case of Story v. State, supra [53 So.2d 923], this Court said:
“ * * * We do not find that reversible error has been made clearly apparent and the evidence does not reveal that the ends of justice require a new trial to be awarded. Sub-paragraph 2, Section 924.32 Florida Statutes, 1941 [F.S.A.].”
The same statement is applicable in this case.
TERRELL and SEBRING, JJ., concur.