NATHAN, RAYMOND G., Associate Judge.
The appellant, defendant in the trial court, was arrested and charged with murder in the first degree. At the time of his arrest he was 16 years of age. Jurisdiction over the appellant was in the juvenile and domestic relations court which, after hearing, transferred jurisdiction to the circuit court pursuant to § 39.02(6), Fla.Stat., F.S.A. The appellant was tried by a jury on a charge of murder in the first degree, and the jury returned a verdict of guilty with a recommendation of mercy. The appellant is now seeking review of the conviction and life sentence entered pursuant to the jury verdict.
The appellant has raised two points for review on this appeal. The first point alleges error in the admission into evidence the testimony of one Thomas Cundiff (who was under arrest for a capital offense) regarding an alleged confession made to him by the appellant. The alleged error is based on alleged failure of the State to show the circumstances surrounding a prior illegally obtained confession had been removed at the time the appellant allegedly confessed to Cundiff. The second point alleges the trial court errered in permitting the State to impeach the appellant on cross-examination by use of the aforementioned illegally obtained confession.
As to the first point, it is clear that the time and circumstances under which the first confession was made are totally different from those existing at the time the appellant made the incriminating statements to Cundiff. The first confession was made within hours after the ap *313 pellant’s arrest, and was made subsequent to intensive interrogation by police officers pending arrival of the attorney requested by the appellant and his father. Under these circumstances, the trial court properly held the confession inadmissible. However, the second confession was made some five months after the arrest and subsequent to the appellant being provided with counsel. It is uncontradicted that the confession made to Cundiff was unsolicited and voluntary. It was not given in the presence of police officers and Cundiff had not been induced to solicit a confession from the appellant. In ruling on the proffer of Cundiff’s testimony,[1] the trial court correctly determined the confession did not refer to the initial illegal confession. Therefore, it appears that the relation between the earlier, and admittedly, involuntary confession and the confession made to Cundiff was so dissimilar in character that it cannot be said the latter confession was tainted with the first and, therefore, inadmissible. State v. Outten, Fla.1968, 206 So.2d 392; United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L. Ed. 1654. See also: Schneble v. State, Fla.1967, 201 So.2d 881; Biglow v. State, Fla.App.1967, 205 So.2d 547. While the testimony before the jury differed from the proffer,[2] appellant’s counsel failed to raise timely objection thereto. Robertson v. State, 94 Fla. 770, 114 So. 534.
The appellant’s second point is without merit. Generally, an involuntary confession may not be used to impeach a witness. Dedge v. State, 68 Fla. 240, 67 So. 43; Crawford v. State, 70 Fla. 323, 70 So. 374; Morris v. State, 100 Fla. 850, 130 So. 582. However, in the instant case, testimony elicited from the appellant by defense counsel on direct examination made reference (for the first time) to an admission of guilt made to certain detectives.[3] None of the prosecution witnesses had testified to this fact. Therefore, as the defense had opened the door to line of questioning, the State could properly pursue the subject on cross-examination. Ivey v. State, 132 Fla. 36, 180 So. 368; Cf. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344. Furthermore, defense counsel failed to timely object to such cross-examination but, rather, proceeded to inquire further into the subject on redirect. As a result, the appellant cannot be heard to object thereto by this appeal. Walker v. *314 State, 152 Fla. 455, 13 So.2d 4; Montalvo v. State, Fla.App.1963, 154 So.2d 713.
Therefore, for the reasons above stated, the conviction and sentence here under review be and the same is hereby affirmed.
Affirmed.

. b * * * * * *
“MR. JACOBS: Will you tell the Court the substance of this conversation. What did he say and what did you say?
“THE WITNESS: I asked him what he was being brought to the Circuit Court for, which court, and he said he was going to Judge Vann’s court in the Circuit Court.
“MR. JACOBS: Go on.
“THE WITNESS: I asked him, ‘For what charge?’ He said, ‘First degree murder.’
“MR. JACOBS: Go on.
“THE WITNESS: And then I was walking back and forth in the cell. Then he laughed. He says, T did it,’ and that was all. That was the extent of the conversation.
*****
“THE COURT: All he said was what you said, that he just said that he did it?
“THE WITNESS: Ves.”
* * * * *

. H H5 ‡ *1*
“Q Tell the jury everything that transpired.
“A I asked him what he was coming over to court for. He said he was coming over to Judge Vann’s court for — that they had him on a murder charge, first degree murder, and I started pacing back and forth while he was talking, and he said, ‘And I said I did it.’ ”
*****

. * * * * * *
“Q Chris, you heard testimony here a little while ago about this fellow Cun-diff who was in the hold cell with you yesterday?
“A Yes, sir.
“Q Tell us how that came about.
“A When I was talking to him yesterday — The detectives made me say I did it. That’s what I told him yesterday.”
* * * # *