PER CURIAM.
The appellant is an alien who entered this country illegally. A United States customs agent requested state officers to arrest the appellant and hold him for federal examination. The customs agent also informed the state officers that the appellant was bragging that he had committed a homicide. Appellant was picked up on a federal charge, interrogated by federal of *54 ficers and thereafter, upon interrogation by state officers, he confessed to a murder committed in the process of a robbery. He was tried in a state court, found guilty of first degree murder and sentenced to life imprisonment. This appeal followed.
Appellant here urges that his motion to suppress his confession should be granted for two reasons: (1) that the confession was the fruit of a poisonous tree, that is, incident to an illegal arrest; and (2) that the preponderance of the evidence before the court showed that the confession was not voluntary. We find neither point presents error on this record. It is clear that the appellant was fully advised as to his rights on three occasions. He was not questioned by the state officers until after the federal officials had interviewed him and had requested that he be held upon the charge of illegal entry. Thereafter, when questioned about the killing, he confessed, stating that he would rather spend the rest of his life in prison than be deported to Jamaica. We ■hold that the giving of the Miranda warnings and appellant’s subsequent confession, both of which occurred after the appellant had been interviewed by federal officers, were sufficiently separated from each other so that the confession cannot be said to be the fruit of a poisonous tree.
Appellant’s argument that the court should have suppressed his confession because the state did not prove it to be voluntary also lacks merit. There is in this record no testimony of a promise. Appellant did not choose to testify at the hearing on the motion to suppress. See Dempsey v. State, Fla.App.1970, 238 So.2d 446. The testimony before the court clearly showed that there was no promise or inducement given to the defendant. His own statement that he chose to confess because he did not want to return to his native land is sufficient to show that he was not offered the inducement “that the officers would speak in his behalf” which he claims appears from the evidence before the court.
In conclusion, we think it should be pointed out that appellant’s confession was only collateral proof of his commission of the crime, inasmuch as there were eyewitnesses to the killing and the only purpose of the confession was to corroborate the in-court identification of the appellant as the murderer.
Affirmed.