HOBSON, Acting Chief Judge.
After an adjudicatory hearing the child was found to be delinquent. The child appeals from this order.
The child was accused of shooting one Thomas Tucker with a pistol, thereby causing his death. There were no eye-witnesses to the incident and, therefore, the prosecution had to rely on circumstantial evi *609 dence to establish the unlawful homicide beyond a reasonable doubt.
On this appeal it is urged that when a defendant voluntarily testifies in his own behalf, his version of the homicide cannot be ignored where there is absence of other evidence legally sufficient to contradict his explanation. This undoubtedly is the law. Mayo v. State, Fla.1954, 71 So.2d 899. It is also urged that if the prosecution relies upon circumstantial evidence to convict a person charged with a crime, the evidence must not only be consistent with the defendant’s guilt, but must also be inconsistent with any reasonable hypothesis of his innocence. Mayo, supra.
The circuit judge, sitting in the juvenile division, sat both as the judge and the jury; § 39.09(1)(b), Fla.Stat. 1973. The lower court had all of the testimony and evidence before it and it was the court’s duty when sitting as the judge and jury to determine the true facts and reach a conclusion as to whether or not the defendant was guilty as charged.
The applicable law in circumstances such as these was set down in Buchanan v. State, 1929, 97 Fla. 1059, 122 So. 704, as follows:
“ . . . The jury had all this evidence before them; they saw and heard the defendant’s testimony and observed his demeanor upon the stand, and were in a better position to judge of the truthfulness of that testimony than is this court with only the cold record of the language used before it. In such a case, we hold here, . . . . that it was within the province of the jury to disbelieve the defendant’s testimony in whole or in part, or at least wherein it was contradicted by other evidence, or was inherently incredible and inconsistent with the physcial facts proven, and that the circumstantial evidence in the case was of such a character as that this court would not be warranted in setting aside the solemn conclusion of the jury that the defendant was guilty as charged. A resort to proof of circumstances is often the only means of establishing the ultimate fact of guilt, or innocence, as the case may be. In cases resting on circumstantial evidence, the fact of guilt is not susceptible of direct proof. It is a fact which must be inferred or deduced from the circumstances proven. It is the function of the jury to make such inferences and deductions, and so long as those deductions and inferences are not unfair or unreasonable, the courts should be slow to set them aside. Under the Constitution, the jury is preserved as the triers of controverted questions of fact. Although all human tribunals are liable to err, the jury has stood the test, on the whole, so well that it has been steadfastly retained for many centuries.”
The law is well settled that when the accused voluntarily takes the stand he is subject to cross-examination and impeachment as any other witness. Dedge v. State, 1914, 68 Fla. 240, 67 So. 43; Gorey v. State, 1916, 71 Fla. 195, 71 So. 328; Maloy v. State, 1906, 52 Fla. 101, 41 So. 791; Morris v. State, 1930, 100 Fla. 850, 130 So. 582; Story v. State, Fla.1951, 53 So.2d 920.
We have reviewed the evidence as a whole and the child’s testimony was inconsistent in many material instances as to the facts and circumstances immediately prior to and at the actual time of the shooting incident. The child’s testimony was contradicted by other evidence, inherently incredible in some instances, and inconsistent with material physical facts proven. Under these circumstances the trial judge, sitting as both judge and jury, was within his province to disbelieve the child’s testimony in whole or in part.
We, therefore, hold that under the evidence as a whole the trial court was correct in its conclusion that the child was guilty as charged and that the circumstantial evidence was of such a character that *610 this court is not warranted in setting aside its conclusion.
The other points on appeal have been carefully considered and found to be without merit.
Affirmed.
GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.