393 So.2d 37 (1981)
Beatrice WIMBERLY, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1304.
District Court of Appeal of Florida, Third District.
January 20, 1981.
Rehearing Denied February 20, 1981.
*38 Bennett H. Brummer, Public Defender and Joseph C. Segor and Rory Stein, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Defendant Beatrice Wimberly appeals an adjudication of guilt and sentence of life imprisonment without parole for twenty-five years resulting from the first-degree murder of her five-year old adopted daughter. Adjudication and sentence were entered by the trial court following a jury trial. Defendant Wimberly contends that a statement she made to Dade County Public Safety Department officers should have been suppressed because it was the product of an earlier statement she gave to the Opa Locka Police Department without having been fully advised of her Miranda rights. The Opa Locka statement was suppressed by the trial court. Additionally, defendant argues that the second statement should have been suppressed because without her first statement the police lacked probable cause to believe she had committed a crime. We find no error in the trial court's refusal to suppress the second statement. We therefore affirm the trial court's decision.
On the day the incident occurred, defendant Wimberly reported her adopted daughter, April, missing from the car in which she claimed to have left her with her other daughter. The police were notified and the next day April's body was discovered in a nearby lake. She had drowned. When defendant Wimberly called the Opa Locka police to inquire whether her daughter had been located, she was asked to come to the police station for information. Upon arrival she was informed of April's death. As defendant Wimberly was leaving, she was told homicide detectives would want to talk to her and was led back to the station. She was interviewed by Sergeant Jackson and, when her description of the events was found to be inconsistent with descriptions given by other witnesses, was advised of her Miranda rights. Defendant then gave two exculpatory statements followed by another statement admitting she caused April's death. She was then arrested. At the Public Safety Department Office to which she was taken, defendant Wimberly executed a Miranda rights waiverform and repeated the statement admitting she caused the child's death. Defendant was again advised of her rights as the stenographer prepared to take her formal statement. Defendant then indicated she wanted to talk to an attorney. The interview was terminated without a written statement. Defendant's oral statement to Sergeant Jackson at the Public Safety Department headquarters was presented to the jury at trial, the statement to Opa Locka *39 officers having been suppressed for failure to advise her fully of her Miranda rights.
In this appeal, defendant challenges only the admissibility of her statement to the Public Safety Department. Defendant argues that the trial court had correctly ruled the Opa Locka statement inadmissible for failure to advise her fully of her Miranda rights and was required, therefore, to hold that her statement to the Public Safety Department was tainted under the authority of Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Nash, 563 F.2d 1166 (5th Cir.1977); Gilpin v. United States, 415 F.2d 638 (5th Cir.1969); Harney v. United States, 407 F.2d 586 (5th Cir.1969); Kiraly v. State, 212 So.2d 311 (Fla.3d DCA 1968). Defendant Wimberly contends the confession was the product of the earlier statement, the fruit of the poisonous tree, French v. State, 198 So.2d 668 (Fla.3d DCA 1967), and should have been suppressed.
Examining the totality of circumstances, Brown v. Illinois, supra, 422 U.S. at 603, 95 S.Ct. at 2261; Brewer v. State, 386 So.2d 232 (Fla. 1980), to determine whether a causal relationship existed between the statements, Gilpin v. United States, supra, we find that questioning began at Opa Locka around 11:30 p.m., lasting until approximately 1:30 a.m. Defendant signed the Miranda rights waiver form at the Public Safety Department headquarters at 2:15 a.m., approximately forty-five minutes later. If the improper influence that produced the first statement was removed, the second statement was admissible. State v. Oyarzo, 274 So.2d 519 (Fla. 1973); State v. Outten, 206 So.2d 392 (Fla. 1968); State v. Holt, 354 So.2d 888 (Fla.4th DCA 1978); Rhome v. State, 222 So.2d 431 (Fla.3d DCA 1969).
The burden of showing that defendant's statement was voluntarily made rested with the state. Lawton v. State, 152 Fla. 821, 13 So.2d 211 (Fla. 1943). Voluntariness was required to have been established by a preponderance of the evidence. Wilson v. State, 304 So.2d 119 (Fla. 1974).
In the case under consideration, coercion is not at issue; the issue concerns only the failure by Opa Locka police to advise defendant of her rights to the extent required by law. We observe that when complete Miranda rights were later accorded the defendant, she understood them sufficiently and asked for an attorney. Her action, in so doing, clearly indicates that any taint from the original omission was dissipated by the time her second statement was taken. We therefore conclude that the state met its burden of proving that the inculpatory statement was freely and voluntarily made and not in violation of defendant Wimberly's constitutional rights.
As to defendant Wimberly's contention that her statement to the Public Safety Department was the product of a detention which was unlawful because without her first statement the officers lacked probable cause to believe she had committed a crime, and any subsequent confession was presumed involuntary, Dunaway v. New York, supra; Brown v. Illinois, supra; Wong Sun v. United States, supra; Taylor v. State, 355 So.2d 180 (Fla.3d DCA 1978), we disagree. Not all evidence or testimony must be suppressed because it would not have existed but for a violation of the Fourth Amendment.
We need not hold that all evidence is `fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is `whether, granting establishment of the primary illegality, the evidence to which instant objection has been made has been come at by exploration of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959).
Wong Sun v. United States, supra, 371 U.S. at 488, 83 S.Ct. at 417. Intervening events, including the giving of renewed Miranda warnings, broke any causal connection between *40 the detention and defendant Wimberly's confession. See State v. Maier, 378 So.2d 1288 (Fla.3d DCA 1979); Miller v. State, 300 So.2d 53 (Fla.3d DCA 1974); Jetmore v. State, 275 So.2d 61 (Fla.4th DCA 1973), cert. denied, 279 So.2d 312 (Fla. 1973).
For these reasons, we affirm the decision of the trial court.