BARKDULL, Judge.
This is an appeal from an order granting defendant’s motion to suppress.
At approximately 1:00 a.m. officers responded to a shooting that had occurred at the defendant’s apartment. Upon arriving, the defendant told them that his wife had shot herself. The defendant was told to remain in the kitchen until homicide officers arrived and not to wash his hands or eat or drink anything. He was considered a possible suspect at this time but was not read his rights nor handcuffed. When the homicide officers arrived some thirty minutes later, the lead detective also considered defendant a suspect but did not read him his rights. He obtained from the defendant a consent to search and to obtain some fingernail scrapings and hand swabs from him. After several hours the defendant was told that he would be transported to Station 4 where he could rest, after which he was taken to homicide headquarters. There he was placed in an interview room and for the first time was advised of his rights. After some four hours he was placed under arrest for second degree murder. He refused to give a formal statement. The defendant was also charged with unlawful possession of a firearm while engaged in a criminal offense, and possession of cocaine. He filed a motion to suppress which was granted.
The trial court suppressed all physical evidence found in plain view at the scene of the crime and all statements and tests conducted by the law enforcement officers in the kitchen and subsequent thereto. The defendant concedes error in the suppression of the physical items in plain view at the scene of the crime. Walker v. State, 483 So.2d 791 (Fla. 1st DCA 1986); Campbell v. State, 477 So.2d 1068 (Fla. 2d DCA 1985); compare Arizona v. Hicks, — U.S. —, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
We affirm so much of the order suppressing the tests and statements made *489 up until the defendant was given his Miranda warnings [1] which were given after the law enforcement officers learned of certain conclusions by the medical examiners phoned in to them from the scene of the crime at the time they were interviewing the defendant at the homicide office, and after they announced he was under arrest.
We find the trial court erred in suppressing any statements made subsequent to the giving of these Miranda warnings. Wimberly v. State, 393 So.2d 37 (Fla. 3d DCA 1981); Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); United States v. Hall, 805 F.2d 1410 (10th Cir.1986); Bryant v. Vose, 785 F.2d 364 (1st Cir.1986).
Therefore for the reasons above stated the order suppressing the physical items seized in plain view at the scene of the crime be and it is hereby reversed. The order suppressing all tests and statements made in the kitchen of the defendant’s premises and at the time he was within the custody of law enforcement officers up until the time he was arrested and given his Miranda warnings is affirmed. The suppression of any statements made subsequent to the time he received the Miranda warnings is reversed.
Affirmed in part, reversed in part.

. State v. Delgado-Armenta, 429 So.2d 328 (Fla. 3d DCA 1983); Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979).